### THE STATE v. P. M. SUMMERS.

*Fornication and Adultery—Rape—Merger.*

Upon the trial of an indictment for fornication and adultery there was evidence that the defendants for a long period illicitly cohabited together, and there was also evidence tending to show that on some occasions the female defendant yielded to the male defendant from fear of violence ; *Held*, that it was not error to refuse to charge the jury that the male defendant was guilty, if guilty at all, of rape, and could not be convicted of the offence charged.

The defendant and one Louisa Austin were indicted for fornication and adultery, and tried before *Clark, Judge*, at the August Term, 1887, of IREDELL Superior Court.

The mother of the female defendant testified that the defendant Summers was and had been a married man; that he visited the house of the witness, with whom the female defendant lived—at first slyly, but for more than a year before the trial these visits were regularly and repeatedly made; that they bedded together two or three times a week; that sometimes the male defendant was drunken and violent; that he carried a pistol with him, and would sometimes place it at the head of his bed and threaten witness if she interfered; that the female defendant had two children—one

three or four years old and the other about one year old, and that both defendants claimed these children as the children of the male defendant.

On cross-examination, the witness said the female defendant was her daughter; that sometimes the male defendant was cruel to female defendant and threatened her, and she believed the female defendant was afraid not to yield to him at times; that she did not "think the female defendant was to blame."

Two sisters of the female defendant testified, in substance, to the same facts; and one of them, in addition thereto, that the defendant would come to her mother's, make assignations with the female defendant, and most frequently she left the house to meet the engagements.

Other witnesses testified to criminating facts.

There was no exception to the evidence.

Counsel for the defendant asked the Court to charge: "That the evidence showed that the male defendant had been guilty of rape, and this offence was merged in the felony, and the jury must not find the defendant guilty on this bill."

The Court charged the jury that the State must satisfy them, beyond reasonable doubt, that the defendants were not married to each other, and that within two years before the indictment the female defendant habitually and voluntarily surrendered her person to the embraces of the man; that it was immaterial whether, on one or more occasions, there was violence which did or did not amount to rape, provided, upon the whole case, the jury were fully satisfied there had been an habitual and voluntary cohabiting of defendants as man and wife, they not being married together. * * * * *
And if, from all the facts and circumstances, they should become satisfied, beyond a reasonable doubt, that the defendants, within two years, had been bedding and cohabiting

habitually as charged, then they should find the defendants guilty, otherwise they should find them not guilty."

There was a verdict of guilty, and from the judgment thereon the defendants appealed.

*The Attorney General* and *Mr. E. C. Smith*, for the State.
*Mr. C. H. Armfield*, for the defendants.

DAVIS, J., (after stating the case). There was no error in the charge of his Honor as given, and none in refusing to charge as requested. It is difficult to conceive of a more wicked, unblushing violation of the law against fornication and adultery.

The evidence shows that the defendants were not married to each other, and that, beyond all doubt and with no attempt at concealment, they habitually associated, bedded and cohabited together, and this makes the defendant guilty of the offence charged.

If, at times, when the female defendant, from a sense of shame or any other reason, was not in a yielding or complying mood, he used violence and forced her, against her will, to yield to his brutal lusts, he may have been guilty of the more heinous crime of rape—he is none the less guilty of fornication and adultery in bedding and cohabiting with her in the manner testified to by the witnesses. The mistake that he commits is in supposing that he may not have been guilty of fornication and adultery in the habitual illicit intercourse to which she freely and voluntarily assented, and at other times of rape, if by violence he forced her to yield to his will. Of the former the proof of his guilt seems conclusive, and he cannot evade the effect of this indictment by admitting, as he seems to do, that the evidence shows that he is guilty of the latter; *he* may be guilty of both offences, but in this indictment he and his

co-defendant can only be convicted and punished for the former.

Before judgment a number of witnesses of high character testified that the defendant was a man of bad character, his moral character being especially bad. It was competent for his Honor to hear such evidence as he might deem necessary and proper to aid his judgment and discretion in determining the punishment to be imposed.

There is no error.