## LATIMER v. LATIMER.

1. .CONTINUANCES are within the discretion of the trial judge, and may be ordered by him before or during the trial. An appeal from such order will be considered only for the purpose of determining whether his discretion

has been abused; but there was no abuse of discretion in granting a continuance where an order previously granted in another proceeding not yet finally determined, might materially affect the judgment in the pending action.

2. IBID.—MERITS.—An order of continuance made in response to a motion for continuance does not involve the merits or affect a substantial right, and can have no influence on the merits of the case when a trial is subsequently had.

3. IBID.—EVIDENCE.—On motion for continuance, the trial judge may hear and consider an order passed in supplementary proceedings in another action, though not set up in the pleadings.

Before WALLACE, J., Greenville, November, 1893.

This was an action by James H. Latimer against Joseph P. and John H. Latimer, as executors of Hewlett Sullivan, deceased, commenced October 23, 1891. The appeal is from an order of Judge Wallace granting a continuance on the ground that, by order of Judge Izlar of July 11, 1893, under supplementary proceedings in the case of Hewlett Sullivan against P. D. Huff & Co. (James H. Latimer being one of the company), the said James H. Latimer had been ordered to assign to the defendants, in this case of Latimer *v.* Latimer, a portion of the claim here sued on.

The plaintiff appealed on the following grounds: 1. Because his honor erred in continuing said cause upon the grounds stated in such order for the following reasons: (a) Because the order made by Judge Izlar, upon which Judge Wallace based his order for continuance, was not before the court for its consideration, the same not having been set up in the answer of the defendants by a supplemental answer, as required by law. (b) Because if such order could have been considered by his honor, Judge Wallace, the objection to trial came too late, the jury having been empanelled and the trial being ordered without objection on part of the defendants. (c) Because the order made by his honor, Judge Izlar, had not been complied with by the plaintiff herein, and no assignment of the claim sued upon in this action had been made by plaintiff. Plaintiff was, therefore, yet the legal owner of said claim. (d) Because even if such assignment had been made by plaintiff as required by

said order, this action could still proceed in plaintiff's name for the benefit of the assignee thereof; the order for assignment being made subsequent to the commencement of this action. (e) Because by said order made by Judge Izlar the plaintiff was required to show cause why such order had not been complied with, and no opportunity had yet been given him to make such return. It is, therefore, submitted, that until such return, plaintiff must be deemed the legal owner of said claim. (f) Because by the terms of the order of Judge Izlar, the plaintiff was required first to pay to the defendants the sum of $1,500, adjudged by his honor to be in the possession of plaintiff, and then to assign so much of the claim sued upon in this action as was necessary after the application of such amount to satisfy the judgment procured by defendant's testator against the firm of P. D. Huff & Co.; and it not appearing that such sum had not been paid, as required by said order, and it also not appearing what balance, if any, remain unpaid on said judgment, and what amount, if any, of said claim it was necessary for plaintiff to assign according to said order, it is submitted that plaintiff had a right to proceed in the trial of his action.

*Messrs. Lewis W. Parker, Jos. A. McCullough,* and *A. Blythe,* for appellant.

*Messrs. Earle & Mooney,* contra.

September 17, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. The action in this case is to recover the sum of $2,250 alleged to be due to the plaintiff by the estate of Hewlett Sullivan, deceased. After the commencement of this action the respondents instituted procceeding supplementary to the execution against the appellant in the case of Hewlett Sullivan *v.* P. D. Huff & Co. These proceedings resulted in an order made by Judge Izlar on the 11th day of July, 1893, by which the appellant was required to pay to the respondents the sum of $1,581.23 within ten days after the service of said order upon him, and that after paying the same and costs, that he do assign to the respondents so much of said claim of $2,250 as may be sufficient to satisfy said judgment.

In default of such payment or assignment, the said order requires the plaintiff to show cause why he should not be attached for contempt. The payment and assignment were not made, and plaintiff made his return to the rule to show cause why he should not be attached.

Upon the calling of this case, no objection was made to trial. Before reading the answer, defendants' attorneys objected to the trial of the case at this time, and read to the court the order made by Judge Izlar, against the objection of the plaintiffs' attorneys, and informed the court that the said James H. Latimer had not complied with said order, taking the position that this trial could not proceed in consequence of the order made by Judge Izlar.

Judge Wallace, after hearing argument of counsel on both sides, then made the following order: "The case was called for trial before me, both parties announcing themselves ready for trial. The jury was empanelled, and the complaint read. Thereupon, counsel for defendants stated that before reading their answer, or going further in the case, they desired to call my attention to an order made by Judge Izlar at the previous term of court, and proceeded against the objection of plaintiff's counsel to read this order. It appeared from statements of counsel and an exhibit of the record, that Hewlett Sullivan, defendants' testator, had, in his lifetime, obtained a judgment against the plaintiffs and other parties, members of the firm of P. D. Huff & Co.; that some time ago, the defendants, as executors of Hewlett Sullivan, had procured an order for the examination of James H. Latimer under supplementary proceedings, a return of *nulla bona* upon the execution of the said judgment having been returned to the sheriff. The said James H. Latimer had been examined, and the testimony submitted to the court. Upon review of the testimony, Judge Izlar had ordered the claim sued on in this action to be transferred and assigned by James H. Latimer to the defendants within ten days after the date of such order. The order also provided that in the event that this be not done, that the said James H. Latimer show cause before the judge of this court on the first day of the succeeding term, why he should not be attached for

contempt.   The plaintiff's counsel objected to the consideration of this order, because if it was not to be considered, the issue should have been made by supplemental answer on the part of the defendants.   They also contended that the effect of this order was not, as claimed by defendants, to make a change of title to said claim.   But they also contended that, even if the assignment was made, the action could proceed in the plaintiff's name, the order of assignment being made subsequent to the commencement of this action and the filing of the answer herein.   In view of this order, I do not see how that the plaintiff can proceed, and it is ordered that this case be continued."

The plaintiff appealed from this order upon numerous grounds, which will be set forth in the report of this case.

Continuances are within the discretion of the Circuit Judge, as shown by the case of *State* v. *Atkinson*, 33 S. C., 106, in which Mr. Justice McIver says: "The * * * grounds imputing error to the Circuit Judge in refusing a motion for continuance certainly can not be sustained, in the face of an unbroken line of decisions for a great length of time that such a motion is addressed to the discretion of the Circuit Judge." It is, also, a matter of discretion with the Circuit Judge as to when he will grant the continuance even during the trial of the cause, as shown by the case of *Trustees &c.* v. *Orr*, 33 S. C., 275, in which the court says: "We think the order of Judge Fraser was clearly one of those administrative orders which, from the nature of the case, must be left to the discretion of the trial judge, who is personally present and informed of all the circumstances of the case.   See *Cook* v. *Cottrell*, 4 Strob., 61; *Wilson & Co.* v. *Dean*, 21 S. C., 327; *Lowndes* v. *Miller*, 25 *Id.*, 122.   In the case stated of Wilson & Co., 'during the reading of a commission, it was discovered that the cross-interrogatories had not been propounded; whereupon, on objection made by the defendant and sustained, the Circuit Judge, on plaintiffs' motion, withdrew the case from the jury and ordered a continuance; held, that such order was within the judge's discretion, and that his discretion was properly exercised.'"

The only limitation upon this discretionary power of granting a continuance is that the discretion must not be abused.   The

14—42

grounds of appeal from an order granting a continuance will only be considered for the purpose of determining whether there has been an abuse of this discretion, in the light of all the circumstances attending the case. We do not think there was an abuse of discretion in this case. The case was continued, because an order of Judge Wallace's predecessor was brought to his attention, which might affect very materially the judgment to be rendered in this case.

The appellant contends that the order appealed from must be considered "an order affecting a substantial right made in an action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken." Subdivision 2, sec. 11, Code of Procedure. But that if it does not come within the terms of that subdivision, it is embraced in the provisions of subdivision 1 of said section, which speaks of "any intermediate judgment or decree involving the merits." We can not accept this view of the case. The order was made upon a motion simply for a *continuance,* and not when the *merits* of the case were under consideration. Being an order made upon a motion simply for a continuance, it can not be construed or in any respect be regarded as "involving the merits," or "affecting a substantial right," &c. In the language of Mr. Justice McIver, speaking for the court in the case of *Garlington* v. *Copeland,* 25 S. C., 44, any order or judgment that may then be made or rendered will depend entirely upon the conclusion that may be reached by the court, after a consideration of the merits, wholly uninfluenced by the interlocutory order from which this appeal was taken;" which shows that when this case comes up again for trial in the court below, it is not to be considered as affected by the order of Judge Wallace.

Plaintiff's exception to the order of Judge Wallace on the ground that the order made by Judge Izlar, upon which Judge Wallace based his order for continuance, was not before the court for its consideration, the same not having been set up in the answer of the defendants by a supplemental answer as required by law, might be urged with force and effect, if the case had been heard upon its merits; but it is the

common practice upon a motion for a continuance, for the court to take into consideration matters not embraced in the pleadings.

It is the judgment of this court, that the appeal be dismissed and the order appealed from affirmed.