HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.

## STATE v. MURPHY.

1. CRIMINAL LAW—WITNESS.—There is no authority in the criminal
statutes of this State for the issuance of any process by which a wit-
ness in another State may be compelled to come here and testify.

2. IBID.—IBID.—COMMISSION—CIRCUIT COURT—SOLICITOR—CONTINU-
ANCE—EVIDENCE.—There is no criminal statute in this State author-
izing the issuance of a commission to take the testimony of a witness
in a criminal case beyond the jurisdiction of the Court, nor has the
Circuit Court the power to compel the solicitor to consent to such
commission; but such commission may be issued by consent, and the
Circuit Judge may use his power of continuance to induce the solicitor
to consent.

3. CIRCUIT JUDGE—CONTINUANCE.—The Circuit Judge did not abuse
his discretion in refusing the motion for continuance in this case in
the light of all the circumstances.

4. JUROR—CRIMINAL LAW—JUDGE.—When a juror is examined on his

*voir dire,* and it appears he is not indifferent in the cause, the Judge may stand him aside without presenting him to the prisoner.

5. CRIMINAL LAW—EVIDENCE—CONVERSATION.—A bystander may testify as to conversations, or parts of conversations, which he heard the defendant have with a third person.

6. WITNESS—GENERAL REPUTATION—IMPEACHMENT—VERACITY.— Where a witness states that he knows a party's general reputation, and thinks general reputation includes veracity, although he does not know his reputation as to veracity alone, he may say he would not believe such person on his oath.

7. EXCEPTION—APPEAL—OBJECTION.—An exception for admission of testimony not objected to at time, cannot be considered on appeal.

Before          , J., Orangeburg, May, 1895.    Affirmed.

Indictment against Daniel C. Murphy for murder. Defendant convicted, and appeals.

*Mr. Malcolm I. Browning,* for appellant, cites: *Discretion:* Co. Lit., 227 B.; Hab., 159; 19 How. St. Tr., 1089; 4 Burr, 2529; 34 Barb., 291–3; Coxe, N. J., 399; 18 Wend., 79, 99. *Continuance:* 2 Brev., 402; Cooley Con. Lim., 334; 2 Tidds Pr., 708; 1 Arch. Cr. Pr. & Pl., 535; 42 S. C., 209; 33 S. C., 166, 275; 16 S. C., 454. *Continuance to compel consent of Solicitor:* 1 Cr. Pro., sec. 113; 11 Allen, 258; Com. Rep., 174; 4 McC., 254; 8 Rich., 460; 2 Brev., 402; 1 Chitty Crim. Law, 612; 1 Arch. Cr. Pr. & Pl., 535; Doug. Rep., 459; art. 6, Amend. Con. U. S.; Story's Con., 1702; Con. S. C.; Art. 1, sec. 13; 1 Bish. Cr. Pro., § 113, 951; 10 Ga., 85; 3 Burr., 150; Wh. Cr. Ev., 306. *Conversation overheard:* 1 McC., 449; 2 Bail., 259. *Highest evidence always required:* 1 Best. Ev., 126; Gilb. Ev., 4 ed., 4; Bac. Abr. Ev., 1736; 3 Bl. Com., 368; Peak's Ev., 813; Evans Poth., 368; 1 Gr. Ev., § 82.

*Mr. Solicitor Jervey,* contra.

July 11, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. At the May term, 1895, of the Court of General Sessions for Orangeburg County, appel-

lant, Daniel C. Murphy, was convicted for the murder of Robert Copes, the county treasurer, and was sentenced to be hanged on the 26th day of July, 1895. He appeals, alleging that the Circuit Court erred, (1) in refusing to grant process to compel attendance of a witness residing in Georgia; (2) in refusing to grant a commission to examine said witness, and to compel the solicitor to consent thereto; (3) in refusing to continue the case until the attendance or testimony could be procured; (4) in requiring a juror to stand aside, and not permitting him to be presented to the defendant; (5) in admitting the testimony of a witness as to a conversation overheard by said witness between the defendant and another; (6) in allowing a witness for the State to testify that he would not believe a certain witness for the defendant upon his oath, the State's witness not knowing the general reputation of the defendant's witness for truth and veracity; (7) in admitting the testimony of a State's witness as to statements by a witness for defendant, without laying proper foundation therefor.

1. Upon information of the materiality of any witness within this State, the accused, in felonies, may have process to compel the attendance of such witness in his behalf. Criminal Statutes, sections 24 and 45. But there is no authority for the issuance of compulsory process for a witness out of the jurisdiction of the courts of this State. Such a writ would be wholly nugatory beyond the limits of the State and, of course, could be ignored and disobeyed by all persons with impunity. There was no error, therefore, in refusing to attempt such a thing.

2. In criminal cases there is no statute, in this State, authorizing the issuance of a commission to take testimony of a witness out of the State, as in civil cases. While such commission might be issued in a criminal case by consent of parties, *State* v. *Bowen,* 4 McC., 253, the Court has no authority to issue such a commission without consent of parties. Since the accused has the constitutional right "to meet the witness against him

face to face." Art. 1, sec. 13, Con. 1868. It is clear that neither the courts nor the legislature could authorize such examination of witnesses against him, on motion of the solicitor for the State, without his consent. Perhaps this, together with considerations of the danger of perjured testimony, the improbability of securing prompt action, the opportunity for delay, such mode of examination of witnesses abroad would afford to parties charged with crime, accounts for the failure of the legislature to provide for examination of witnesses beyond the limits of the State in behalf of the accused. Such examination must depend upon the consent of parties, and the solicitor, and not the Court, represents the State in this matter. We know of no power which the Court has to compel the solicitor to consent. It is clear the solicitor would not be subject to punishment for contempt of Court if he refused consent. A compelled consent is no consent at all. The power to compel consent could only mean power to dispense with consent. This would lodge the right of consent in this matter in the Court and not in the solicitor. The Court has power to continue a case from time to time to allow opportunity to procure the attendance of witnesses, who may be out of the State, in behalf of the accused. The exercise of this power might have effect to induce the solicitor to make choice between a continuance of the case from time to time and a consent to the taking of the deposition of defendant's witness out of the State. But this power would not be exercised for this purpose, except upon a strong showing that justice could not be otherwise subserved. In the case of *State* v. *Bowen*, 4 McC., 253, Judge Nott said: "In Chitty's Criminal Law it is said, 'When a witness resides abroad, or is about to leave the country before trial, he may, by consent of both parties, be examined on interrogatories. But this cannot be done if the defendant refuses, because the evidence is not the best which the case admits.' And when a party in a case where consent is necessary, refuses to grant it, the Court will put off the

trial, to give time for the attendance of the witnesses." 1 Chitty, 612. And in "the case of *Moystyn* v. *Fabridges*, Cowper, 174, Lord Mansfield mentions the case of a woman, who, being indicted, alleged that her witnesses resided in Scotland, and that she could not compel them to come up to give evidence. The Court compelled the prosecutor to consent that all the witnesses might be examined, and declared that they would put off the trial of the indictment from time to time forever, unless the prosecutor had so consented." In the case of *State* v. *Smith*, 8 Rich., 461, Judge Johnson said: "I remember one instance in which the late Mr. Justice Nott ordered a prosecution to be stayed, unless the prosecuting officer would consent to take the examination of a witness, who resided out of the State, by commission, on his being *fully satisfied* that his evidence was material to the defense of the accused, and upon a *clear case* made, I am disposed to think that precedent deserved to be followed" (italics ours). The question then resolves itself into the question whether, under the circumstances, the Circuit Court, in refusing to continue the case, committed such error as would warrant the Court in reversing the judgment below. This brings us to the third ground of appeal.

3. A motion for a continuance is addressed to the discretion of the Court, as this Court has many times held, *State* v. *Atkinson*, 33 S. C., 107; *State* v. *Wyse*, 33 S. C., 582, and its rulings thereon will not be reviewed except in a clear case of abuse of discretion. This is the rule held generally in other States. Clark's Criminal Pros., 418, and cases cited. In the case of *Latimer* v. *Latimer*, 42 S. C., 209, Mr. Justice Gary, delivering the opinion, said: "The only limitation upon this discretionary power of granting a continuance is, that the discretion must not be abused. The grounds of appeal, from an order granting a continuance, will only be considered for the purpose of determining whether there has been an abuse of discretion, in the light of all the circumstances." In the case of

*Woolfolk* v. *State* (Ga.), 11 S. E. Rep., 818, the Court held that there was no abuse of discretion in overruling a motion for continuance on the ground of the absence of a witness in the State of Texas. In *State* v. *Smith*, 8 Rich., 460, the Court refused a new trial asked for on the ground that the Circuit Court refused to continue a case on account of the absence of a witness in Georgia. In *State* v. *Files*, 3 Brev., 303, the Court held that the affidavit of a defendant in a criminal case, stating the absence from the State of material witnesses in Tennessee, is no ground to postpone a trial. In this case the defendant was not brought to trial until the term after the indictment was found. He had counsel at the first term in January, and was not brought to trial until the May term following. So far as the record discloses, the solicitor was given no opportunity to consent to or refuse the examination by commission of the witness in Georgia, and was first apprised of the defendant's wish in this matter, after the opening of the May term, by the motion to compel his consent to the issuance of a commission, and the postponement of the trial until a return of the commission could be made. A very careful examination of the showing made for a continuance, in the light of all the circumstances, discloses no abuse of discretion in the refusal of the motion for continuance.

4. The juror, Corbett, examined on his *voir dire*, stated that he was related to the defendant; did not know the exact relationship, but thought they were cousins; that he was not sure but that his relationship would interfere with his impartiality as a juror, and asked to be excused. The juror was stood aside, and was not presented to the defendant. Section 2403, Civil Stat., 1893, in reference to examination of jurors on *voir dire*, provides: "If it appears to the Court that a juror is not indifferent in the cause, he shall be placed aside as to the trial of that cause, and another shall be called." This matter, therefore, is addressed to the discretion of the Court, *State* v. *Williams*, 31 S. C., 257; *State* v. *Merriman*, 34 S. C., 33;

and in the absence of abuse of discretion, this Court will not interfere, *State* v. *Wyse*, 32 S. C., 56. There was no abuse of discretion here.

5. It was competent for the witness, Sonley, to state the conversation he overheard, or that part of the conversation he overheard, between the defendant and another person. The rule that when a party's declarations or admissions are given in evidence against him, the whole that was said at the time on the same subject must be taken together, does not render incompetent evidence of a conversation overheard between such party and another, notwithstanding the witness did not hear the whole conversation. *State* v. *Covington*, 2 Bailey, 569. The testimony of a bystander who overheard such conversation is not secondary evidence, *People's* v. *Smith*, 8 Rich., 90; and the bystander may prove such part of the conversation as he heard, *State* v. *Gossett*, 9 Rich., 428.

6. There was no error in allowing the witness, Wannamaker, to testify that he would not believe the witness, Jones, upon his oath. He testified, substantially, that he knew Jones' general reputation; that he thought general reputation included veracity; that his general reputation was not good; that while he did not like to specify veracity, yet from his general reputation he would not believe him on his oath.

7. The testimony of witness, Lightsey, as to statement made by witness, Jones, was not objected to at the time. An exception for admission of testimony not objected to when offered, cannot be considered on appeal. *Minton* v. *Pickens*, 24 S. C., 592.

The judgment of the Circuit Court is affirmed, and this case is remanded to the Circuit Court, in order that a new day may be assigned for the execution of the sentence heretofore imposed.

Petition for rehearing was filed, and remittitur stayed. Court decided that no material fact had been overlooked,

refused the rehearing, and revoked stay of remittitur November 30, 1896.