### 7599

### STATE v. EDWARDS.

CONTINUANCE.—Where two attorneys appear for a defendant at one term of Court, when case is continued, it is not an abuse of discretion to order case to trial at the next term because one attorney is not able to be in Court.

*Varn* v. *Green*, 50 S. C., 404, *distinguished from this case.*

Before GARY, J., Berkeley, November term, 1909. Affirmed.

Indictment against James Edwards for murder. From sentence, defendant appeals.

*Mr. John O. Edwards,* for appellant, cites: *Discretion:* 50 N. H., 120; 26 Wend., 152; 10 Wend., 281; Rooke's Case, 5 Cooke, 100b; 6 Ency., 819-22; 74 Wis., 18; 47 S. C., 488. *Continuance:* 50 S. C., 403.

*Solicitor P. T. Hildebrand,* contra, cites: *Continuance:* 75 S. C., 152; 80 S. C., 332, 563. *Is discretionary with*

*trial Judge:* 77 S. C., 240; 33 S. C., 106, 582; 48 S. C., 1; 76 S. C., 135; 78 S. C., 264; 66 S. C., 402; 38 S. C., 333; 82 S. C., 236.

July 4, 1910.   The opinion of the Court was delivered by

Mr. Chief Justice Jones.   The defendant was arraigned at the July, 1909, term of the Court of General Sessions for Berkeley county, Judge Watts presiding, charged with the murder of his wife about eight years previous.   The case was continued.

At the November, 1909, term, Judge Ernest Gary presiding, the case was tried and resulted in a conviction of murder without recommendation to mercy, and defendant was sentenced to be hanged on December 10, 1909.

The exception assigns error in the refusal to continue the case at the November term and in proceeding with the trial.

The Court has often declared that the refusal of a motion for continuance is in the discretion of the trial Court, and will not be ground for reversal except in a clear case of abuse of discretion.   *State v. Kenny,* 77 S. C., 240, 57 S. E., 859.

In his order settling the case, the presiding Judge stated his reasons for refusing the motion as follows:

"The defendant was arraigned at the previous term of the Court held by the Honorable R. C. Watts.   For reasons satisfactory to him, a continuance at that term of Court was granted.   During the progress of the November term, this case was called, after having been reached on the calendar, and the solicitor announced promptly that the State was ready and insisted upon a trial.   The docket showed that Mr. Edwards and Mr. Davis were noted as counsel for the defendant, not only at the November term, but were so noted at the previous term.   After the announcement made by the solicitor, Mr. Edwards appearing for the defend-

ant, made a motion for the continuance, basing said motion in part upon the enclosed certificate, and on the further grounds that Mr. Edwards did not feel fully warranted to proceed with the trial. It appeared to me that Mr. Edwards, being a lawyer of experience, was fully capable of managing the defendant's case, and I, therefore, held that the motion based on this certificate (the same being so very indefinite) was insufficient, and ordered the case to proceed to trial. The case was regularly tried, ably represented by Mr. Edwards, and the result is as appears in the "Case."

The physician's certificate, dated November 1, 1909, was in these words: "I hereby certify that Mr. G. B. Davis, of the Berkeley Bar, is physically unable to attend Court at this term, or to attend to business, either legal or otherwise, at present. Signed, H. S. Feagin, M. D."

We see no abuse of discretion here.

The case is quite different from *Varn* v. *Green*, 50 S. C., 404, 27 S. E., 862, wherein all the counsel for the prisoner were sick and thereby unable to conduct his defense, and the trial Judge committed error' of law in permitting his ruling, refusing to continue, to be controlled by his custom in such cases to require the prisoner to employ other counsel.

The judgment of the Circuit Court is affirmed, and the case is remanded so that a new day may be assigned for the execution of the sentence.