### 8271

### STATE v. JOHNSON.

CONTINUANCE—WITNESS.—It is not an abuse of discretion here to require the defendants to go to trial in the absence of their witnesses, who had been subpœnaed at the last term of the Court and upon continuance then by the State notified to be present at the next term; nor to refuse to require the State to admit what the defendants swore their witnesses would testify to if present.

Before MEMMINGER, J., Anderson, January term, 1912. Affirmed.

Indictment against George Johnson and Enoch Ware. Defendants appeal.

*Mr. A. H. Dagnall,* for appellants, cite: *Does a subpoena hold good until revoked or case tried?* Crim. Code 45; 47 S. E. 535; 10 Jur. N. S. 33; 31 So. 1011; 32 N. C. 41.

*Solicitor P. A. Bonham,* contra.

July 25, 1912.  The opinion of the Court was delivered by

MR. JUSTICE WATTS.  The agreed statement of facts in the case show that the appellants were tried and convicted in their absence of violating the dispensary law in the Court of General Sessions for Anderson county, at the January term of Court, 1912, and duly sentenced by his Honor, Judge Memminger.  The indictment was found against them at the September term of Court, 1911, and the case was continued by the State at that time.  All of the defendants' witnesses were present, having been regularly *subpoenaed*.  When the case was continued the solicitor announced in open Court that all witnesses must be on hand the first day of the next term of the Court, and defendants' attorney made a similar announcement to defendants' witnesses.  Defendants did not resubpoena their witnesses for the January term of Court, relying upon the original subpoena and service and notice in open Court at the September term.  At the call of the case for trial on the first day of the term in January, 1912, none of defendants' witnesses were present and defendants moved to continue the case until the next day or until the next term, as none of defendants' witnesses were present, and also asked that a rule be issued against defendants' witnesses.  This motion was supported by affidavit reciting these facts and also set forth what defendants expected to prove by these witnesses.

The motion was overruled and the case ordered to trial.

The Court also refused to require the State to admit what the absent witnesses would swear to if present.  After sentence, appellants appeal and allege error on the part of his Honor in forcing the case to trial, and allege error and abuse of discretion on his part in not requiring the State to admit what absent witnesses would swear to if present.

A careful examination of the whole record in the case will fail to disclose that his Honor in any manner abused his discretion.  Granting or refusing a continuance is

within the discretion of the trial Judge and an appellate Court will not disturb his decision except in a clear case of abuse of discretion. *Latimer* v. *Latimer,* 42 S. C. 209, 20 S. E. 159; *State* v. *Murphy,* 48 S. C. 5, 25 S. E. 43.

Possibly it was unfortunate that the defendants' witnesses were not present, but his Honor had all of the facts of the case before him and after conviction if he was not satisfied of their guilt it is reasonable to suppose that he would have set the verdict aside and have allowed them another chance to get the witnesses.

The exceptions are overruled.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK *and* FRASER *dissent.*