15100

STATE v. ADCOCK

(9 S. E. (2d), 780)

*Messrs. J. K. Owens* and *N. W. Edens,* for appellant,

*Mr. Sidney S. Tison,* Solicitor, for respondent,

June 13, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The appellant was indicted, at the Court of General Sessions for Marlboro County which convened February 12,

1939, on two indictments; one for violation of the liquor laws and one for maintaining a nuisance. On these charges the defendant had demanded preliminary hearings which were not held because the State's witnesses had not appeared. However, the cases were sent up by the magistrate, indictments given out and true bills found. At the same term of the Court an indictment was given out on information by the solicitor charging the appellant that he did "keep on his premises and operate and permit to be kept on his premises a slot and vending machine pertaining to a game of chance on January 14, 1939."

When the case pertaining to the slot machine was called, counsel for appellant moved for continuance on the ground that the two cases for violating the liquor laws and for maintaining a nuisance were pending and they were ready to go to trial on one or both of them; that on these cases counsel had demanded preliminary hearings but the magistrate had not got the witnesses together and hence the preliminary could not be held, nevertheless, they were ready to go to trial. Counsel further stated that he had had no time in which to prepare a defense in this case and asked for continuance until the next term of Court. The motion for continuance was refused. Thereupon the defendant entered a plea of guilty in the following language:

"Now comes the defendant, Bill Adcock, in open Court and pleads guilty to keeping on his premises vending and slot machine as prohibited by Section 1301-A, and consents for said plea to be entered on record against him."

"Upon the publication of this plea, Mr. Owens, as attorney for the defendant, asked to be heard on the matter of sentence and stated in open Court that the Sheriff of Marlboro County had some time before started to enforce the law against machines such as this; that the machine in question, which had a considerable amount of cash in it, was placed in a case or closet and locked up and that when the officers went to the place of business of defendant and they asked him if he had a slot machine he told them that he did

and gave them the key to the case or closet in which the machine was locked up; that the defendant told the officers he had locked the machine up when notified by the sheriff, in the place it was found and that it had not been operated since that time and he was holding it until the owner of the machine would come and get it he could get the money out of it, amounting to over twenty-five dollars. When Mr. Owens had concluded his statement and it appeared there was no further showing on behalf of defendant, the solicitor called on Mr. George H. Whisonet, Investigator Internal Revenue Service, who lives in Florence, S. C. Mr. Whisonet stated that about a year ago he had taken a car belonging to the defendant on a charge of transporting whiskey and that the defendant had pleaded guilty in the United States District Court and received a suspended sentence. He stated further that just a short time before he, with several other officers, had raided the defendant's place and found a quantity of liquor there, but it was all stamped and they accordingly made no case against the defendant. Mr. Carl C. Whisonet, a State Constable, then stated that he was with the other Mr. Whisonet when the raid was made and that at the time there were a number of people in the defendant's place and this particular slot machine was being then operated, and the fact was made to further appear that this was after the Sheriff of Marlboro County had warned the defendant against this slot machine and he had promised to get it out of his place of business. Sheriff L. D. Odom then stated to the Court that the defendant, Adcock, bore a bad reputation; that he was repeatedly called to his place to quell disturbances and his place of business constituted a very disorderly place or words to that effect. The Solicitor then made a statement to the effect that he had received numerous and repeated complaints against the place operated by the defendant, Adcock, and that it constituted a menace in his opinion to law and order in Marlboro County; that he had learned a preliminary had been asked and not held in other cases; consequently did not expect to insist on trial

of them and was willing yet for a preliminary to be held. That in this case he was ready, and insistent on trial.

"The first mention made of the other cases pending against the defendant was by his attorney, who stated that insofar as the charge of a nuisance was concerned, he had in Court the woman involved, and was prepared to show by her that at the time the place was raided by the sheriff, she had merely stopped there to change her clothes. The sheriff stated that it had been several months since defendant had said he would get rid of this slot machine.

"After these statements the Presiding Judge, stating he was satisfied the closet in which the machine was kept was merely a blind, sentenced the defendant as follows:

" 'The judgment of the Court is that you, W. E. Adcock, alias Bill Adcock, be confined to hard labor for the period of one year upon the public works of Marlboro County or for a like period in the State Penitentiary and to pay a fine of five hundred dollars.' "

This appeal followed, predicated upon exceptions which charge the trial Judge with error in not allowing defendant time to make a showing or to produce witnesses to show mitigating circumstances; error in calling the case based upon an indictment without any warrant having been issued by the magistrate. Error in not requiring the solicitor to go to trial on the other two cases, of which defendant had notice was ready for trial. Error in receiving statements from the sheriff and others, in regard to two other indictments; and it was an abuse of discretion in regard to the slot machine when the sheriff was not present when the machine was taken. Error in not exercising his discretion under the circumstances and ordering the defendant to trial on the other two indictments before proceeding with the case that was called and then passing sentence on defendant on his plea of guilty, as though the defendant was guilty of the charges in the other two indictments.

Counsel for appellant in their argument stress the point that it was error and abuse of discretion not to grant the

motion for continuance. They further urge that it was error to receive statements concerning two other indictments to which defendant was prepared to enter a plea of not guilty. They argue, as to the last-named position, that while it was proper for the trial Judge to inquire into the facts and circumstances surrounding the offense to which the defendant had pleaded guilty, to wit, to having in possession a slot machine, it was not proper for him to hear statements in regard to two other indictments, to which he had pleaded not guilty and announced ready for trial, and to also receive statements in regard to the other charges in the indictment, to wit, the operating of the slot machine.

It must be borne in mind that it appears from the Transcript of Record that counsel for appellant introduced the giving of statements to the trial Judge when the Judge came to sentence the defendant on his plea of guilty. Counsel said: " * * * that the Sheriff of Marlboro County had some time before started to enforce the law against machines such as this; that the machine in question, which had a considerable amount of cash in it, was placed in a case or closet and locked up and that when the officers went to the place of business of the defendant and they asked him if he had a slot machine he told them that he did and gave them the key to the case or closet in which the machine was locked up; that the defendant told the officers he had locked the machine up when notified by the sheriff, in the place it was found, and that it had not been operated since that time and he was holding it until the owner of the machine would come and get it and he could get the money out of it, amounting to over twenty-five dollars. * * * ."

It appears that counsel opened wide the door for the presentation to the Court of the facts touching appellant's connection with the slot machine.

In support of their allegations that the trial Judge abused his discretion, counsel for appellant referred to the cases

of *State v. Edwards,* 86 S. C., 215, 68 S. E., 524; *State v. Kenny,* 77 S. C., 236, 57 S. E., 859; *State v. Murphy,* 48 S. C., 1, 25 S. E., 43. We have examined these cases and find that they are authority for the position that this Court will not interfere with the trial Judge's exercise of his discretion, unless there is manifest abuse of it; and in those cases the Court found no such abuse. The same is true also of the cases of *State v. Rabens,* 79 S. C., 542, 60 S. E., 442, 1110, and *State v. Reeder,* 79 S. C., 139, 60 S. E., 434, 435, 14 Ann. Cas., 968. The case of *State v. Reeder* can give no comfort to appellant. There, the opinion was delivered by Mr. Chief Justice Pope. The defendant was tried for murder and convicted of manslaughter. Judge Pope's opinion states:

" * * * Upon his being called for sentence the presiding Judge permitted the solicitor to read two affidavits tending greatly to aggravate the crime. The sole question presented by the appeal was as to whether or not it was error to admit these affidavits.

"Section 120 of the Criminal Code of 1902 prescribes that the punishment for manslaughter shall not exceed 30 nor be less than 2 years' imprisonment. This provision necessarily implies that the trial judge is to exercise a discretion in imposing sentences. Therefore any reasonable means by which his mind can be enlightened should not be prohibited to him. Hence the question arises, was the reception of the affidavits objected to by the defendant a reasonable and proper means? That it was, we think, is now well settled by the authorities. At a very early date the English courts refused to permit such procedure (*Rex v. Ellis,* 9 Doul. & R., 174); but in the later English practice the admission of affidavits in aggravation or mitigation seems not to have been questioned. * . * * The American cases lay down the principle that, where it devolves upon the court to determine the punishment either upon the finding or upon the plea of guilty, it is the correct practice for it to hear evidence in aggravation or mitigation, as the case may be, where

there is any discretion as to the punishment. *Kistler v. State,* 54 Ind., 400; *People v. Vermilyea,* 7 Cow., N. Y., 108; *People v. Bork,* 96 N. Y., 188. It has likewise been held that evidence of the moral character of the accused is competent to guide the Court in determining the punishment to be imposed. *State v. Summers,* 98 N. C., 702, 4 S. E., 120.

"Our own case of *State v. Smith,* 2 Bay, 62, very clearly recognizes the rule that such affidavits are admissible. In that case the defendants offered to give in evidence to the jury a variety of extenuating circumstances. The presiding Judge refused to admit them. On motion for a new trial, all of the judges present ruled that all such extenuating circumstances should be submitted to the Court on affidavits a reasonable time before sentence is pronounced.

"If it is legitimate to admit affidavits of the defendant in mitigation of the crime, there is certainly no logical reason for holding that the state is debarred from submitting affidavits in aggravation. Certainly there is no ground for saying that such a course would deny to the defendant the constitutional right to be confronted by witnesses against him and to have the privilege of cross examining them, for the reason that the verdict of the jury is not affected. Thus, in this case, the defendant would remain guilty of manslaughter in spite of the affidavits that were submitted to the presiding Judge. Of course, if as a result of the affidavits presented, the trial Judge should abuse his discretion and attempt to alter the verdict of the jury, then clearly he would commit error. In the case here under consideration there was no such attempt. The Circuit Judge merely permitted himself to be informed as to the character of the accused and the circumstances of the crime, so that he might be able to exercise his discretion intelligently and pronounce a just sentence—a privilege of his in the exercise of which he doubtless should use the utmost caution."

This Court cannot review sentence on the ground that it is excessive if it be within the limit provided by law. In the case of *State v. Davis,* 88 S. C., 229,

70 S. E., 811, 814, 34 L. R. A. (N. S.), 295, this Court said:

" * * * We have repeatedly held that we have no jurisdiction to correct a sentence on this ground, provided it is within the limits prescribed by law for the discretion of the trial Court, and is not the result of partiality, prejudice, oppression, or corrupt motive. It is not even suggested that there was any such influences operating in this case."

"* * * Within the limits prescribed by statute, the length of sentence imposed is entirely within the discretion of the trial Court, and is not reviewable by this Court." *State v. Whaley et al.,* 113 S. C., 103, 101 S. E., 568, 569.

We take it to be settled law in this jurisdiction that the matter of granting a motion for continuance is within the discretion of the Court, and his exercise of it will not be disturbed by this Court except upon a showing of abuse.

The solicitor, quoting the statute, shows that the Court could not grant the motion because it was apparent that inasmuch as defendant had demanded a preliminary which had not been held those two cases could not be tried. It was error for the magistrate to transmit the warrants to the higher Court and, although indictments had been given out and true bills found on them, the Court had no jurisdiction until the preliminary had been held.

Section 936 of the Code of 1932 provides: " * * * That whenever any defendant or defendants shall demand, in writing, a preliminary hearing it shall be mandatory upon such magistrate to grant said hearing, and the said case shall not be transmitted to the Court of General Sessions or submitted to the grand jury until a preliminary hearing shall have been had, the magistrate to retain jurisdiction and the Court of General Sessions not to acquire jurisdiction until after such preliminary hearing: * * * ."

The trial Judge has jurisdiction and control of the proceedings in his Court and we see no abuse of discretion in permitting this case to be called for trial

as and when it was so called. The action of the solicitor in continuing the other cases and in presenting the indictment in this case to the grand jury was within his discretion and, we think, was warranted. There is no ground for appeal thereabout. See *State v. Flintroy,* 178 S. C., 89, 182 S. E., 311.

We find no reversible error. Judgment affirmed.

Messrs. Justices Fishburne and Stukes and Mr. Acting Associate Justice J. Strom Thurmond concur.

Mr. Justice Baker dissents.

Mr. Justice Baker (dissenting):

It of course must be admitted that this Court ordinarily will not assume jurisdiciton to review the exercise of a Circuit Judge's discretion in imposing a sentence within the limits prescribed by law (*State v. Johnson,* 159 S. C., 165, 156 S. E., 353); but it does not at all follow that the Court is powerless to intervene, or should hesitate to intervene, when the Circuit Judge's discretion either actually or apparently has been influenced by matters not properly entitled to consideration, since in that event the discretion has been erroneously exercised. In *State v. Harvey,* 128 S. C., 447, 123 S. E., 201, this Court reversed the refusal of the Circuit Judge to permit the defendant to withdraw a plea of guilty after sentence, when it appeared that the Circuit Judge had taken the solicitor and another into his room and discussed the case in defendant's absence before passing sentence. In *State v. Simms,* 131 S. C., 420, 422, 127 S. E., 840, this Court set aside a sentence and remanded the case for resentence, because the Circuit Judge considered information concerning the defendant received in chambers and in the absence of the defendant and his counsel. The basis of these decisions obviously was that the discretion of the Circuit Judge in passing sentence had been influenced or might have been influenced by matters not properly entitled to consideration.

While all statements in the instant case were taken in the presence of the appellant and in open Court, and while feel-

ing complete confidence that there was no intention whatever in this case to do the appellant an injustice, yet I am unable to escape the conviction that through the consideration of matters not fairly entitled to consideration in passing sentence an apparent injustice has been accomplished, though unintentional, the result of which is just as grievous to appellant as if it had been deliberately brought about.

Upon the convening of the Court of General Sessions for Marlboro County the solicitor handed out three indictments against the appellant, one charging violation of the liquor laws, another charging the maintenance of a nuisance, and another (the charge involved in this appeal) charging the keeping on his premises and operating and permitting to be kept on his premises an unlawful slot and vending machine. True bills were returned on all three indictments. On the charges relating to violation of the liquor laws and maintaining a nuisance regular warrants previously had been issued in the usual manner, and the defendant had demanded a preliminary hearing, which had not been held. No warrant had previously been issued on the charge relating to the keeping and operating an unlawful slot machine, but the solicitor of his own motion prepared and submitted to the grand jury an indictment based on that charge. When the true bills were returned by the grand jury the defendant stated that although a preliminary hearing on the charges relating to violation of the liquor laws and maintaining a nuisance had not been given him in accordance with his demand, yet he was ready to go to trial on those charges without a preliminary hearing. The solicitor, however, refused to bring those cases to trial, but called for trial the case relating to the maintenance and operation of a slot machine.

When the slot machine case was called for trial the defendant moved for a continuance on the ground that he had been given no opportunity to prepare his defense, but he declared himself ready and willing to enter upon the trial of the other two cases, which he was prepared to meet. Defendant's motion for a continuance of the slot machine

case having been refused, he thereupon entered a plea of guilty as to that charge, and the Circuit Judge imposed the maximum sentence permitted by the law.

While no reason appears in the agreed case for appeal for the solicitor's refusal to bring to trial the cases charging violation of the liquor laws and maintaining a nuisance, yet in his brief he says that in view of the provisions of Section 936, Code 1932, the action of the magistrate in transmitting the cases to the Court without a preliminary hearing was without warrant of law, that the Court had no jurisdiction, and that the indictments based on those warrants would have been quashed on motion. It would seem, however, that the reason assigned is quite plainly unsound, because the motion for a preliminary hearing was necessarily withdrawn when the defendant in open Court declared himself ready and willing to go to trial without a preliminary hearing, and any right to a preliminary hearing given by the statute was clearly waived. There can be no doubt that the right to a preliminary hearing, though previously demanded, can be waived (*State v. Rabens,* 79 S. C., 542, 60 S. E., 442, 1110), and the Court had unquestioned jurisdiction to proceed to trial the moment the defendant in open Court expressed his readiness and willingness to proceed. There was, therefore, plainly no legal obstacle in the way of the immediate trial of the cases.

The situation in which appellant found himself may be fairly stated in this way: He stood indicated on three separate charges. He had been previously advised by the regular issuance of warrants as to two of the charges, and he was ready to meet those charges and to enter upon an immediate trial, but he had been given no previous notice of the third charge, other than by the action of the solicitor in handing out an indictment after the convening of Court, and he was not prepared to meet it. Nevertheless, he was denied a trial of the charges of which he had been previously advised and which he was prepared to meet, while he was required to meet the charge of which he had not been pre-

viously advised and which he was not prepared to meet. To say the least of it, it must be admitted that appellant was thus placed in a most disconcerting predicament, and if it should be suggested that he then possibly might have demanded a preliminary hearing on the slot machine charge and thereby secured a continuance, it can scarcely be contended that his situation was particularly conducive to seasoned reflection and a clear appreciation of this possible expedient, the availability of which it is not now necessary either to affirm or deny.

Although the law clothed appellant with the presumption of innocence of the two charges previously preferred, involving the violation of the liquor laws and maintaining a nuisance, and he was ready and willing to enter upon an immediate trial, yet through no fault of his he was denied the opportunity to have his innocence of those charges established by the judgment of the Court. Such being the case, fairness clearly demanded that the continued pendency of those charges should not be permitted to prejudice appellant in any way, and the Circuit Judge was not justified in having his discretion influenced, or even apparently influenced, by the pendency of those charges, or appellant's possible guilt of the charges, in passing sentence upon him in the slot machine case now on appeal. Nevertheless, when he came to pass sentence upon appellant in the slot machine case now on appeal, he heard and evidently considered statements of several officers of the law tending to show appellant's guilt of violation of the liquor laws and his guilt of maintaining a nuisance, the two charges as to which he had been denied a trial. An Internal Revenue investigator and a State constable made statements relating to appellant's violation or suspected violation of the liquor laws. The sheriff of the county stated that appellant bore a bad reputation, that the sheriff had been repeatedly called to appellant's place to quell disturbances, and that his place of business constituted a very disorderly place. The solicitor stated that he had received numerous and repeated complaints against the

place operated by appellant, and that in his opinion it constituted ·a menace to law and order in Marlboro County.

The statements here referred to clearly had no direct connection with the degree of flagrancy of appellant's guilt of violation of the law against operating and maintaining a slot machine, and they were only directly relevant to the charges based upon violation of the liquor laws and the maintenance of a nuisance. That the Circuit Judge was influenced by these statements is clearly indicated by the fact that he imposed the maximum sentence for violation of the law against slot machines. When appellant was being denied the opportunity to establish his innocence of the charges involving violation of the liquor laws and maintaining a nuisance, it seems very clear to me that appellant's probable or possible guilt of these charges should not have been given consideration in passing sentence in another case.

Even if appellant is guilty of all of the charges made against him and deserves all that he has received at the hands of the Court, yet it is not conducive to respect for the law that the law should be unfair to him or that it should even seem to be unfair. In order to inspire a proper public confidence, the law should not only guard against actual unfairness on its part, but it should also guard against even the appearance of unfairness.

For the foregoing reasons, I am of the opinion that the sentence should be set aside, and that the case should be remanded to the Circuit Court so that appellant may be resentenced.