### VARN v. GREEN.

CIRCUIT JUDGE—DISCRETION—CONTINUANCE.—It is an abuse of discretion for a Circuit Judge to peremptorily order a cause of long standing to trial when counsel on one side are too sick to be in Court, or to conduct the case, upon the ground that it is his custom in such cases to require parties to employ other counsel.

Before EARLE, J., Barnwell, November, 1896. Reversed.

Action by Stella Varn against T. A. Green, W. F. Patrick, Raymond Sandifer, W. S. Miley, Perry Bessinger, Joseph Smoak, D. J. Delk, and W. P. Thompson, for damages for the forcible, wrongful, and malicious taking of her household goods under a distress warrant for rent. Judgment for plaintiff. Defendants appeal, except Thompson, as to whom a new trial was granted unconditionally.

*Messrs. Bates & Simms* and *Robert Aldrich*, for appel-

lants, cite: *On question decided:* 1 Bay, 32; 9 Rich. L., 462; 34 S. C., 346.

*Messrs. J. E. Davis* and *Izlar Bros.*, contra, cite: *On point decided:* 16 S. C., 459; 19 S. C., 61, 88, 90.

Sept. 24, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought to recover damages for an alleged forcible, wrongful, and malicious seizure of plaintiff's household goods under a distress warrant for rent. Quoting from the "Case:" "The pleadings being made up, the case was duly docketed for trial, and after various continuances, granted at the instance of plaintiff and defendant, according to their respective conveniences and upon their respective motions, the case came up before his Honor, Judge Jos. H. Earle, at November term, 1896, of the Court of Common Pleas for said county. Upon the call of the case by the said Judge, a motion was made by defendant for a continuance, upon the ground that defendant's attorneys were incapacitated to conduct the case owing to the illness of Mr. Geo. H. Bates, one of said attorneys, who was at the time confined to his bed and unable to attend Court, and the sickness of Mr. Charles Carroll Sims, the other attorney, who, although attending Court, was unable to articulate above a whisper, and only then with great pain, owing to an attack of grip and sore throat. His Honor refused to continue the cause, although expressing his regret, inasmuch as he believed it would be an abuse of his discretion to continue a case which had been so long upon the docket, on account of the illness of counsel; further stating that under such circumstances it was his custom to require clients to employ other counsel, and he peremptorily ordered the case on for trial the next morning. Under these distressing circumstances, Robert Aldrich, Esq., a member of the bar, volunteered to take charge of the case, to relieve his sick brother attorneys as far as he could; but being totally unprepared, the case was tried under circumstances of disadvantage to

the defendant—Mr. Sims, although present, could render little, if any, assistance, by reason of his sick and enfeebled condition." The trial resulted in a verdict for the plaintiff for $1,875, which was remitted to $1,000, as the result of a motion for a new trial.

The granting or refusing of a motion for a continuance is discretionary with the Circuit Judge, and this Court will not interfere, except in a clear case of abuse of discretion. *Latimer* v. *Latimer*, 42 S. C., 209; *State* v. *Murphy*, 48 S. C., 5. Considering all the circumstances of the case, we think the defendant was entitled to a continuance of the case on account of the illness of his counsel, and that the Circuit Judge abused his discretion in forcing the case to trial under the circumstances. In so far as the Circuit Judge allowed the exercise of his discretion to be controlled by his custom to require clients to employ other counsel, when the counsel engaged were too sick to conduct the cause, and the cause had been long on the docket, which custom has not the sanction of law, we think he committed error of law, in analogy to cases where Circuit Judges having discretion to grant new trials refused to exercise such discretion, under the belief that they had no power to grant new trials. *State* v. *David*, 14 S. C., 428; *Wood* v. *R. R. Co.*, 19 S. C., 579. Having reached this conclusion, we do not deem it necessary or proper to consider other grounds of appeal.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MR. JUSTICE POPE did not sit in this case.