## STATE v. BOX.

CONTINUANCE—DISCRETION.—Refusal of motion for continuance based on failure of witnesses to attend, which had not been arrested or bound over, the crime having been committed in June, case continued at June term and tried at October term, warrant for witnesses issued ten days before trial, is not an abuse of discretion.

Before PURDY, J., Hampton, October, 1902. Affirmed.

Indictment for murder against H. G. Box. From verdict and sentence of manslaughter, defendant appeals because of refusal of trial Judge to grant motion of continuance.

*Messrs. G. Duncan Bellinger* and *W. S. Smith,* for appellant.

*Solicitor Jas. E. Davis,* contra.

June 19, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant was tried for the crime of murder at the fall term, 1902, of the Court of General Sessions for Hampton County. It was agreed by the counsel representing the prosecution and the defense that the trial should take place on Tuesday afternoon, the 7th

of October, 1902. When the case was called for trial at the time fixed by counsel, the defendant moved for a continuance upon affidavits submitted, because of the absence of witnesses deemed by him essential to his defense. We will refer to these matters more fully hereafter. After a full hearing, the Circuit Judge issued a bench warrant for the arrest of such absent witnesses. On the next morning three of said witnesses were brought into Court. The solicitor admitted what one would swear—one Pompey Gadsden. Then the Circuit Judge ordered the trial to proceed, which resulted in a verdict of manslaughter. After judgment, the defendant appealed to this Court for a new trial on the following exceptions, namely:

"I. That his Honor erred in concluding that the Court was not 'warranted' in continuing the case when the attempt to serve the witnesses was made not more than ten days before Court; whereas, his Honor, it is submitted, should have concluded as matter of law that no specified time is required in which due diligence must be legally presumed, but that such diligence is a question of fact for the Judge's determination, uncontrolled by any legal warrants as to time.

"II. That his Honor erred in mistaking a matter of discretion for a warrant of law; whereas, he should have concluded that his discretion was independent of any warrant of law save in the abuse of such discretion.

"III. That it is respectfully submitted his Honor did not use sound judicial discretion in forcing the defendant to trial when sufficient time had not been allowed the sheriff for the proper execution of the bench warrant issued for defendant's witnesses, wherein his Honor did abuse his said discretion.

"IV. That his Honor did not use sound judicial discretion in forcing the defendant to trial when it appeared from the return made on the bench warrant that the sheriff, as officer of the Court, had not executed the same as to three witnesses therein named, wherein it is respectfully submitted his Honor did abuse said discretion.

"V. That his Honor abused his discretion by applying his

opinion to this particular case, and not passing on the facts as they would apply to any case in a motion for a continuance."

Before passing upon the specific allegations of error alleged against the exercise of the discretion vested by the law in Circuit Judges as to the continuance of causes for absence of alleged material witnesses for the defendant, it may be well to state that this Court has repeatedly declared that the Circuit Judge is vested by law with the determination of the question of continuance of cases for the absence of alleged material witnesses for the defendant. In the case of *State* v. *Way,* 38 S. C., 345, 17 S. E., 333, this Court said: "This matter of continuance is conferred to the wise discretion of the Circuit Judge, as this Court has repeatedly and uniformly held." One of the strongest criticisms of the administration of the law relates to the many delays in the trial of cases. Parties in the criminal and civil Courts should be ready to try their cases promptly; yet if parties cannot go to trial safely in either Court in the absence of their witnesses, *where they have used due diligence to procure their attendance,* the law vests the Circuit Judge with a power of continuance, and no amount of public clamor should move the Circuit Judge from the discharge of this delicate responsibility. The Constitution of this State, in section 18, of article I., provides: "In all criminal prosecutions, the accused shall enjoy the right to a *speedy* and public trial by an impartial jury; and to be fully informed of the nature and the causes of the accusation; to be confronted with the witnesses against him, *to have compulsory process for obtaining witnesses* in his favor, and to be fully heard in his defense by himself or by his counsel or by both" (italics ours). It will thus appear that the law, while inflexible in its determination to prosecute those who violate our laws, is fixed in its determination that persons accused of crime shall have every means to vindicate their innocence, if innocent—a speedy trial, compulsory process to obtain his witnesses, and counsel to plead for him. But all these blessed

safeguards entail a corresponding duty upon persons accused of crime; they should prepare themselves for a speedy trial; they should promptly employ counsel; they should promptly apply for all their witnesses to be arrested and bound over to appear and testify.    No slip-shod methods should be countenanced.    The law allows an application for a continuance, if a fair trial cannot be had.    Rule XXVII. of the Circuit Court of this State sets down what course the accused 'should pursue to obtain a continuance, if the same appeals to the sense of justice of the Circuit Judge.    Having made these remarks, we will now pass upon the exceptions in their order:

1. The criticism of the language of the Circuit Judge as quoted in this exception cannot be sustained.    The word "warranted," as so used, was entirely proper.    The responsibility of a continuance is that of the Circuit Judge; hence he, in deciding this question, must determine whether the showing as laid down in Rule XXVII. of Circuit Court has been made, thus producing a conviction in his mind that he will be warranted or justified in granting the continuance prayed for.    It is true, the law provides no square and compass to fix an exact period of time in which the defendant must move to have his witnesses arrested and bound over to attend Court, yet when months of *inaction* in this matter are allowed to pass away without any effort to secure his witnesses, the Circuit Judge may well conclude that there has been unnecessary delay by the defendant in this regard. This exception is overruled.

2. The Circuit Judge made no such mistake as attributed to him in this exception.    No doubt, he had the Rules of Court, especially XXVII., before him when he made his ruling.    He heard the testimony (by affidavits), he heard argument on both sides and then made his ruling.    This exception is overruled.

3. To our minds the conviction is brought home by the showing made by the defendant that the Circuit Judge did use a sound judicial discretion in forcing the defendant to

trial. The homicide occurred in June, 1902. The June term of Court of General Sessions was allowed by both sides to pass by without trial, and yet from June 27th to September, 1902, not a step is taken by the defendant to secure the presence of his witnesses. Was this to be construed as a compliance with Rule XXVII., which requires that the applicant must show that he has used due diligence to procure the attendance of his witnesses? It seems strange that a bench warrant issued on the afternoon of the 7th day of October, 1902, should produce as its fruits the arrest and attendance of *three* out of *five* witnesses on the morning of the 8th October, 1902, at 9 o'clock, and yet defendant claims that he has not had time or could not procure the attendance of his witnesses. The solicitor admitted that if Pompey Gadsden were present, he would swear as alleged by defendant in his affidavit. It seems to us that this exception should be overruled. Strictly speaking, we have no responsibility in this matter; as to questions of fact, it is only when there has been an abuse of discretion by the Circuit Judge that this Court is authorized to interfere.

4. The defendant only lost the testimony of two of his witnesses, as Pompey Gadsden's testimony was admitted by the solicitor. This exception is without force, for the reasons already given.

5. We see no such error in the conduct of the Circuit Judge as here attempted to be pointed out. He accorded a full hearing of defendant's motion for continuance, he decided that defendant had not complied with Rule XXVII. of Circuit Court. In reaching that conclusion he violated no rule of law, he did not abuse his discretion. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.