## STATE v. HUTTO.

1. CONTINUANCE.—SUBPOENAING witnesses by defendant in homicide case does not show due diligence in procuring their attendance.
2. CHARGE.—It is not error of law to refuse to charge a correct proposition of law, if there be no evidence in case to which it is applicable.
3. CRIMINAL LAW—SELF-DEFENSE—REASONABLE DOUBT.—Instructions as to what is necessary to be shown in making out a defense of self-defense, held correct, and, that it is not error to instruct as to the doctrine of reasonable doubt as applied to such defense in another part of the charge than that laying down the doctrine of self-defense.

Before GARY, J., Orangeburg, September, 1902. Affirmed.

Indictment for murder against Pinckney W. Hutto and Stonewall J. Hutto. From sentence on verdict of manslaughter against Pinckney W. Hutto, he appeals.

*Messrs. Raysor & Summers* and *H. H. Brunson,* for appellant.

*Messrs. Solicitor P. T. Hildebrand* and *Jas. F. Izlar,* contra.

June 23, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant, appellant, Pinckney W. Hutto, and his son, Stonewall J. Hutto, were tried at September term, 1902, of the Court of General Sessions for Orangeburg County, S. C., for the murder of E. Worth Hutto. The jury acquitted the said Stonewall J. Hutto, but found the defendant, Pinckney W. Hutto, guilty

of the crime of manslaughter. After judgment, the said defendant appealed.

The questions presented are: First, the alleged error of the Circuit Judge in refusing a continuance because of the absence of material witnesses; second, the alleged errors in the charge to the jury by his Honor, the Circuit Judge. We will notice these grounds of appeal.

1. The matter of continuance of causes is vested by law in the discretion of the presiding Judge. However, if the Circuit Judge should abuse his discretion, this Court would interfere. Was there any abuse of discretion in this instance? We think not, for the following reasons: Experience has established the fact that it is seldom the case that all the witnesses either for the prosecution or the defense are present to testify at the trial. To secure the presence of such witnesses, the law very generously gives both sides to the controversy the right to have their witnesses, respectively, arrested to give bond for attendance at Court. In the instance at bar, the defendant did not pursue this course, but relied upon the service of subpœna tickets upon his witnesses. This is one reason for the denial of the motion to continue. Again, under Rule XXVIII., a party applying for a continuance shall by affidavit set forth the materiality of the testimony of the absent witnesses to support the defense; that the motion is not intended for delay, but is made solely because he cannot safely go to trial without such testimony; that he has made use of due diligence to procure the testimony of the witness; and that the witness, if present, he believes, would testify to certain fact or facts set out in the affidavit, and the grounds of such belief. The last provision of this rule is intended to advise the adverse party of such fact or facts, so that such adverse party may or may not admit the same. If such adverse party admits that if such witness would, if present, testify to such fact or facts, then the trial may go forward. Such was the admission of the solicitor in the case at bar. Hence there was no error by the Circuit Judge in this case.

2. We will next examine the grounds of appeal relating to the charge of the presiding Judge. The first two will be considered together: "1. Because his Honor erred in refusing to charge the jury, as requested by the defendants, 2 'That under the excuse of self-defense the principal, civil and natural relations, are comprehended, and that parent and child killing an assailant in the necessary defense of each other, respectively, are excused, the act of the relation being the same as the act of the party himself.' 2. Because his Honor erred in refusing to charge the jury, as requested by the defendants, 'That it is not only excusable, but is the duty of every one who sees a felony attempted by violence, to prevent it if possible, and in the performance of this duty, which is an active one, there is a legal right to use all necessary means to make the resistance effectual.' "

We have examined the able and ingenious argument of the appellants' attorneys, and the authorities cited in support of the views therein set forth. But after an examination of the whole testimony submitted, we must hold that the law covered by these requests was not involved in this case. Had the defendant-appellant shot the deceased when the latter came to the window of his bed-room armed with his shot-gun and making threats—especially as defendant-appellant's wife and child were in said bed-room—some such requests would have had something to support them. Yet in the circumstances detailed in the testimony, wherein it was made to appear that the mayor, or intendant, and town marshal of the little village or little town of "Norway," had ordered the defendant and his son to stay away from the home of the deceased, E. Worth Hutto, and their voices were heard outside demanding that the town or village authorities should arrest the said E. Worth Hutto forthwith, no such questions as raised in these grounds of appeal can be said to apply here. These requests to charge were not applicable to the case at bar. They, therefore, presented abstract questions of law. The Circuit Court did not err when he refused to charge these requests, being abstract

questions of law. These grounds of appeal are overruled.

We will examine the last ground of appeal, which is as follows: "3. Because his Honor erred in charging the jury, 'That where one sets up the plea of self-defense he assumes the burden of showing by the preponderance of the evidence three things, etc.,' without further charging the jury that if upon the whole testimony they entertain a reasonable doubt as to any material point of the case, that is: if they entertain a reasonable doubt as to whether the plea of self-defense has been established by the preponderance of the testimony, the defendant is entitled to the benefit of such doubt." This ground of appeal may involve two questions: 1. Did the Circuit Judge correctly present the law of self-defense in his charge? 2. Did the Circuit Judge err in not adding words which would show to the jury that in "self-defense," the defendant was entitled to all reasonable doubts. Since the decision by this Court in *The State* against *McGreer,* 13 S. C., 466, it is well understood in this State that "to make out a case of self-defense, two things are necessary: 1. The evidence should satisfy the jury that the accused actually believed that he was in such immediate danger of losing his life or sustaining serious bodily harm, that it was necessary for his own protection to take the life of his assailant. 2. That the circumstances in which the accused was placed were such as would, in the opinion of the jury, justify such a belief in the minds of a person possessed of ordinary firmness and reason. It is not a question which depends solely upon the belief which the accused may have entertained; but the question is, what was his belief, and whether under all the circumstances, as they existed at the time the violence was inflicted, the jury think he ought to have formed such belief." Now see how careful the Circuit Judge is, in his charge, to enforce the law of self-defense upon the minds of the jury. He says: "Now, what is necessary to make out a case of self-defense? It is not sufficient for a defendant just to say, I shot him in self-defense. That may not be sufficient, but the law requires that where

one sets up the plea of self-defense, he assumes the burden of showing by the preponderance of the evidence three things: He must show, first, that he was without fault in bringing about the necessity for the killing. The law does not permit a defendant to provoke a quarrel, to provoke his adversary and anger him unjustly, and then shoot him, and say that he did it in self-defense. That is not the theory of the law, but the law says that if you invoke the plea of self-defense you must show that you were without fault in bringing about the necessity for the killing. Now you will ask yourselves the question: Were these defendants without fault? You will ask yourselves the questions: Where did this killing take place? Who brought it about? Who started the facts and circumstances surrounding and terminating in this homicide? If the defendants were in the wrong, their plea of self-defense falls to the ground at the outset; but if you should conclude that the preponderance of the evidence is to the effect that they were without fault in bringing about this difficulty, then you will go a step further. They must show further, by the same preponderance of the evidence, that at the time the shot was fired, the party firing the shot believed that he was in such imminent danger of losing his own life, or of sustaining some bodily harm, that it was necessary for him to have fired. Then you will ask yourselves the question: Was the fatal shot that was inflicted on the deceased necessary to save the life of either of these defendants, or to save them, or either of them, from serious bodily harm? If not, there is no self-defense, because self-defense, as has been properly argued to you, is based upon necessity. Was it necessary to kill him to save ourselves from serious bodily harm, or to save our lives? And was that danger, or that necessity, so imminent, and so pressing upon us, that we had no other probable means of escape than to shoot? If you could step aside and avoid the shooting, the necessity for the killing, step aside, the law says; it is better that you should step aside than to kill your fellow-man. Therefore, the law enjoins upon a defendant who pleads self-defense to show

that he had no other probable means of avoiding the danger to himself, of losing his own life or of sustaining serious bodily harm, than act as he did in this instance. Because the defendant who invokes that plea must not only have believed that his life was in danger, or that he was in danger of sustaining some serious bodily harm, but the facts and circumstances under which he formed that belief, or under which he came to that conclusion, must have been such as to cause you to believe that a man of ordinary firmness and courage, situated as they were at the time, would be justified in so believing. So, then, you will ask yourselves the question: Were these defendants, or either of them, in danger of losing his life or sustaining some serious bodily harm? Did he have any other probable means of escape? Were the facts and circumstances surrounding them at the time such as to warrant a jury in believing that a man of ordinary firmness and courage and reason, situated as they were at the time, have been justified in coming to the conclusion that his life was in danger, or that he was in danger of sustaining some serious bodily harm? If you should answer that question in the affirmative, then I charge you that the plea of self-defense has been made out, and the law would excuse it. But if any one of these propositions I have given you has not been made out by a preponderance of the evidence, the plea of self-defense would fail."

Now as to the second subdivision. It seems to us that the case of *The State* v. *Way,* 38 S. C., is conclusive of this at page 346, where it is said: "Exception is next taken (third ground) to the charge of the Judge of the request of the solicitor, 'when self-defense is pleaded, it must be proved by a preponderance of the evidence,' because he did not add to such words, language to the effect that if, upon the whole testimony, the jury entertain a reasonable doubt as to any material point, the defendant must be accorded the benefit of such doubt. The appellant admits the proposition of law to be correct, but insists that these words should have been added. By reference to the 'Case,' it will be seen that the

Circuit Judge was exceedingly careful to vouchsafe in his charge the benefit of all doubts in favor of the prisoner. This may be done at the time the request is passed upon or afterwards, provided, the jury is not left in any doubt as to the principle." In the case at bar, Judge Gary in his charge uses this language: "So, gentlemen, in all cases on the criminal side of the Court, the law is still charitable, and it says that if you have a reasonable doubt on any material fact necessary to make the case of the State, you will solve that doubt in favor of the defendant. That is, where the facts are so evenly balanced, or where your reason and your judgment is in such doubt that you cannot form a satisfactory judgment as to the result, if it is in that state, the law, taking a charitable view, says solve it in favor of the defendant." It is thus made manifest that this ground of appeal must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and is hereby affirmed.