6670

STATE v. POPE.

CONTINUANCE—WITNESSES.—It is not an abuse of discretion in a trial Judge to order a homicide case to trial in the absence of a witness who had been bound over and in attendance, but had left against the protest of defendant's counsel; after issuance of bench warrant for the witness at instance of defendant's counsel, but before return thereon: in the absence of any showing according to rule 27 of Cir-

cuit Court of the materiality of the witness and what facts he would swear to, the solicitor having agreed to admit what the witness would swear to.

Before GAGE, J., Hampton, October, 1906. Affirmed.

Indictment against J. Henry Pope, Jr., for murder. Frome sentence on verdict, defendant appeals.

*Messrs. W. S. Smith* and *J. S. Reynolds,* for appellant, cite: *No negligence being chargeable to defendant, he was entitled to process:* 2 Bay, 62. *Defendant was entitled to continuance notwithstanding agreement of solicitor to admit what he would swear to:* 4 Ency. P. & P., 865; 7 S. & M., 475; 7 Cow., 369; 6 Cal., 248; 107 La., 624; 99 Mo., 41; 50 Ark., 161; 77 Ala., 77; 117 Ala., 88; 98 Ky., 539; 26 Ind., 30; 91 Mo., 246.

*Solicitor J. E. Davis* and *Mr. W. S. Tillinghast,* contra, cite: *Defendant did not comply with Rule 27, and hence not entitled to continuance:* 66 S. C., 469; *State* v. *Murphy,* 48 S. C.; *State* v. *Box,* 66 S. C.; Clarke's Crim. Proc., 415. *Failure to bring witness under process is not ground for continuance:* 38 S. C., 333.

This case was first argued at the April Term, 1907, and opinion filed by a divided Court on July 6, 1907. On petition for a rehearing the case was ordered reargued before the Court *en banc* on September 27, 1907, on which day the opinion was filed.

September 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. At the October Term, 1906, of the Court of General Sessions for Hampton County, the appellant was adjudged guilty of manslaughter and sentenced. At the call of the case, a motion for continuance beyond the term was made on behalf of the defendant upon the

ground that a material witness, Dr. M. L. Peeples, was absent after having been duly bound over according to law. The witness was bound over on the 22nd of October, the day on which the term began, and was in attendance on the Court for some time but left after having been warned not to leave by defendant's attorney. It does not appear precisely when the witness left or when defendant's attorneys were informed that he intended to leave or had left, but on October 25th Judge Gage, on the application of defendant's attorneys, issued a bench warrant directing the sheriff to arrest the witness and bring him to the bar of the Court. The record fails to disclose the cause of the absence of the witness or the reason why the sheriff failed to arrest him. After issuing the bench warrant, Judge Gage ordered the trial of the case to proceed over the protest of defendant's counsel, but it does not appear whether the trial was had on the 25th, 26th or 27th of October. It appears that the Court ruled that the solicitor having agreed to accept what the witness would swear to, the trial must proceed.

The appellant urges two exceptions for reversal. (1) Error in refusing a continuance when it appeared that the witness had been regularly bound over as an expert witness, it being impossible for the defendant to put in the shape of an affidavit what the witness would testify to if present. (2) Error in forcing defendant to trial in the absence of said witness who was duly bound over, and for whom bench warrant had been issued, but had not been served or return made thereon by the sheriff, thereby depriving defendant of his constitutional right to have compulsory process for obtaining witnesses in his favor.

Motion for continuance on account of the absence of witnesses are addressed to the discretion of the trial Court, and the Court will not interfere unless a clear case of abuse of discretion is shown. *State* v. *Murphy,* 48 S. C., 5. 25 S. E., 43; *State* v. *Smith,* 56 S. C., 378, 34 S. E., 657. The discretion of the Court in this case was not abused, nor was it controlled by any erroneous view of the law. In fact

the Court acted in conformity with Rule 27 of the Circuit Court declaring that no motion for continuance beyond the term on account of the absence of a witness shall be granted without the oath of the party, his counsel or agent, to the effect (1) that the witness is material, (2) that the motion is not intended for delay but is made solely because he cannot go safely to trial without the testimony, (3) that he has used due diligence to procure the testimony of the witness, or such other circumstances as will satisfy the Court that his motion is not intended for delay; (4) in addition to the foregoing the affidavit must set forth what facts he believes the witness, if present, would testify to and the grounds of such belief.

No such affidavit was presented to the Court, notwithstanding the offer of the solicitor to accept what the witness would swear to. It is stated in the exception that it was impossible for defendant to state what the expert would testify to if present. Matters of fact stated only in an exception cannot be considered by the Court, but if this statement were properly in the record, it would not avail, for it is to be presumed that if the defendant could not make the statement required by the Rule of Court, his counsel surely could have done so. Under the circumstances it may fairly be assumed that the Circuit Court was not satisfied that the testimony of the absent witness was material.

In the case of *State* v. *Way,* 38 S. C., 333, 17 S. E., 39, it was held not reversible error to refuse to continue a case on the ground of the absence of witnesses subpœnaed to appear, even though the prosecuting attorney refused to admit that they would testify what was expected of them. In *State* v. *Box,* 66 S. C., 402, 44 S. E., 969, a bench warrant had been issued for the arrest of absent witnesses. Three of the witnesses were brought into Court the next morning, but the warrant had not been executed as to the others. One of the exceptions alleged error in forcing defendant to trial when sufficient time had not been allowed the sheriff to execute the bench warrant. This

Court held there was no abuse of discretion, and the Cou
emphasized the fact that Rule 27, referred to above, 'su
down what course the accused should pursue to obtain a
continuance.                                                    .    .!

Under art. I, sec. 18, of the Constitution, and *??'*
43 of the Criminal Code, it is true that in 'all crim'
prosecutions the accused shall have compulsory process j
obtaining witnesses *"in his favor."*  This right was so·· ..
accorded the appellant as that compulsory process '·· as
awarded him, under which the witness was bound & ·er
under recognizance to appear, and on his application a
bench warrant was afterwards issued for the arrest of the
witness.   So that the real point of complaint is not that
compulsory process was denied the accused, but that fuch
process having been granted whenever sought, the Court
declined to continue the case for the term on the shofving
made, which we have shown was not as justice and the
Rule of the Court required, it not appearing that the witness
was material.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *concurring:* I concur in affirming
the judgment on the grounds that there was nothing before
the Court to show the materiality of the absent witness.
The Constitution gives the accused the right "to have com-
pulsory process for obtaining witnesses in his favor."  Ob-
viously, this does not mean the Court is bound to issue
compulsory process for anybody the defendant may desig-
nate as a witness.  Much less does it mean that the cause
must be continued for the absence of any one who may be
designated as a witness for defendant.  There must be a
showing that the person wanted is really a witness *"in
favor"* of the defendant—that his testimony would be
material to defendant's cause.

CIRCUIT JUDGES GARY, KLUGH, DANTZLER, PRINCE,
MEMMINGER, HYDRICK *and* WILSON *concur in the opinions*

of Messrs. JUSTICES JONES *and* WOODS *for the reasons therein stated.*

MR. JUSTICE GARY, *dissenting.* Sec. 18, Art. I of the Constitution provides that the accused shall have compulsory process for obtaining witnesses in his favor, and this provision is mandatory. This right is not exhausted because a witness at one time was arrested and bound over to attend Court, but continues until the accused is placed upon his trial, unless waived or forfeited by his conduct, of which there is no evidence whatever in this case, nor does the record show that the ruling of his Honor, the presiding Judge, was based upon such ground. As long as his right continues, the accused can not be forced to trial, even though the solicitor may be willing to accept as testimony what the witness would swear, if present.

For these reasons I dissent.

MR. CHIEF JUSTICE POPE *concurs in the dissenting opinion of* MR. JUSTICE GARY.