## 6738

### STATE v. HUNTER.

1. CONTINUANCE—DISCRETION.—It is not an abuse of discretion for Judge to order a misdemeanor to trial in absence of leading counsel for defense, when able assistant counsel are present ready to conduct the defense.
2. EVIDENCE.—It is not reversible error to exclude a question seeking a fact already in evidence.
3. CHARGE.—By the instruction, "I hope you will not take into consideration the fact that he may be a prominent farmer," the Judge meant to instruct jury that neither lowliness nor prominence of station should be a factor in the just administration of the law.

Before WATTS, J., Laurens, September, 1907. Affirmed.

Indictment against R. Lee Hunter for violation of dispensary law. From sentence on verdict of guilty, defendant appeals.

*Messrs. Richey & Richey,* for appellant, cite: *Case should have been continued because of absence of leading counsel:* 42 S. C., 209; 48 S. C., 5; 50 S. C., 403.

*Solicitor R. A. Cooper,* contra.

February 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted on an indictment containing four counts, charging separately: 1st, selling liquor; 2d, unlawfully keeping and maintaining a place where alcoholic liquors were sold, bartered and given away; 3d, wilfully and unlawfully maintaining and keeping a place where alcoholic liquors were kept for sale, barter and delivery; 4th, wilfully and unlawfully storing, keeping in possession contraband spirituous liquors. The sentence of the Court was that the defendant pay on each count in the indictment, upon which he has been convicted, the sum of

two hundred dollars, or, in default thereof, he serve on each of said counts a term of three months upon the public works of said county.

Messrs. O. L. Schumpert and Richey & Richey were retained by defendant as his counsel. On the call of the case for trial, a motion was made for continuance on the ground that Mr. Schumpert, the leading counsel, could not be present on account of a death in his family. The Circuit Judge refused to continue the cause, and on the trial the defense was conducted by Messrs. Richey & Richey. Requiring the defendant to go to trial in the absence of his leading counsel is alleged to have been an abuse of discretion by the Circuit Judge. Granting or refusing a continuance is within the discretion of the trial Judge, and an appellate court will not disturb his decision except in a clear case of abuse of discretion. *Latimer* v. *Latimer,* 42 S. C., 209, 20 S. E., 159; *State* v. *Murphy,* 48 S. C., 5, 25 S. E., 43. In *Varn* v. *Green,* 50 S. C., 403, 27 S. E., 862, forcing a party to trial when both his counsel were sick and unable to conduct the case, was held an abuse of discretion. But this case is quite different from that. It was unfortunate Mr. Schumpert could not be present, but the case was simple, involving only questions of fact, and it was certainly not an unreasonable conclusion of the Circuit Judge that the defendant would have a fair trial with his defense in the hands of able and zealous counsel who were present.

There was no reversible error in excluding the question asked the witness Littlejohn with respect to the defendant's giving away whiskey, "How was he about entertaining his friends when they went down there to see him?" If the answer would have been that the defendant was in the habit of entertaining by giving away liquor to his friends, the record shows that fact had already been proved without dispute, the agreed "Case" containing this statement: "The testimony on the trial revealed the fact that the defendant, R. Lee Hunter, was a large and prominent

farmer living in Laurens County, about four miles from Clinton and within about two miles from Goldville, and that he kept a small commissary or store for the purpose of furnishing plantation supplies to his tenants and hands, and that he usually kept about his house and commissary, for his own use and the use of his friends, spirituous liquors, and that he was quite hospitable in the entertainment of his friends."

In charging the jury, the Circuit Judge said: "Does the proof of the State lead you to believe that he sold whiskey from that testimony as alleged in this indictment? If so, is there any reason why he should not pay the penalty? I hope that you will not take into consideration the fact that he may be a prominent farmer, because the law, figuratively, is blind; Justice is painted blind, it does not see a man's prominence. The question is for you, has he violated the law; it does not make any difference who he is, high or low, rich or poor. The law is general in its application." Exception is taken to the words "I hope you will not take into consideration the fact that he may be a prominent farmer." When the context is considered, it is obvious the Circuit Judge did not mean good character or reputation should not be considered in favor of one accused, but that neither lowliness nor prominence of station could be a factor in the just administration of the law.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.