9734

STATE v. HIERS.

(93 S. E. 124.)

1. CRIMINAL LAW—CONTINUANCE—DISCRETION OF COURT.—Where no subpœna or warrant for arrest of absent witness was shown to the Court and there was no compliance of defendant with Circuit Court rule 27, there was no error in overruling a motion for continuance, especially where one of the witnesses appeared and testified in the case.

2. CRIMINAL LAW—APPEAL AND ERROR—MATTERS REVIEWABLE.—Where defendant's attorney simply objected to testimony without stating any grounds and the exception does not point out any error of law or prejudicial error, the exception presents nothing for review.

3. HOMICIDE—EVIDENCE—REPUTATION OF DECEASED.—The general reputation of the victim of a homicide for violence may be shown, but not particular acts of violence.

Before GARY, J., Bamberg, October, 1916. Affirmed.

George J. Hiers was convicted of manslaughter and he appeals.

*Messrs. Mayfield & Free* and *R. P. Bellinger* and *W. D. Bennett,* for appellant.

*Mr. Solicitor Gunter* and *Messrs. Carter & Carter,* for respondent, cite: *As to absence of objection below:* 34 S. C. 16; 59 S. C. 297; 76 S. C. 275; 85 S. C. 273; 89 S. C. 134; 86 S. C. 318; 87 S. C. 18; 86 S. C. 66; 82 S. C. 321; 88 S. C. 80; 89 S. C. 378. *Exception insufficient:* 88 S. C. 80; 89 S. C. 378; 90 S. C. 470. *Remarks of Judge:* 83 S. C.

370; 16 S. C. 523.   *Reputation of deceased:* 71 S. C. 136; 72 S. C. 74.

July 6, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted for murder, tried and convicted of manslaughter before Judge Gary, at the October term of Court, 1916, and after sentence appealed.

The first exception alleges error on the part of his Honor in refusing motion for continuance made by the defendant when the case was called for trial.   His Honor found as a matter of fact that due diligence had not been used to procure the attendance of the witnesses named in the affidavit.   There is nothing in the record to show that his Honor abused the discretion vested in him in refusing the motion.   One of the witnesses, Edwards, did appear and testify in the case during the progress of the trial, and there was no compliance on the part of the defendant with rule 27 of the Circuit Court rules.   There was no subpœna or warrant for arrest of these witnesses shown to the Court, or any claim that such papers were in existence.   A perusal of the affidavit shows a want of compliance materially with the demands of this rule.   So his Honor was not in error in refusing the motion to continue, and this exception is overruled.

Exception 2 alleges error in allowing Dr. C. F. Black to testify over the objection of defendant's attorneys.   The defendant's attorneys simply objected, did not state any grounds of objection to the trial Judge when the objection was made, and in the exception made does not attempt to point out any error of law or point out any prejudicial error by the admission of the evidence

There is no question presented by this exception for this Court to consider. This exception is overruled.

Exception 3 is overruled for the same reasons assigned in overruling exception 2. *Brown* v. *Building Co.,* 88 S. C. 80, 70 S. E. 428.

Exception 4 is overruled for the same reason as assigned in overruling exceptions 2 and 3, and also as it is not pointed out or suggested in the exception wherein or in what manner the defendant was prejudiced, and the jury had before them testimony of other witnesses similar to that attempted to be proved by this witness.

Exception 5 alleges error in excluding the evidence of the witness, Copeland, proof of individual acts of violence by the deceased. His Honor ruled that the witness had already answered the question objected to by the State, and the record in the case will not support the exception made in the case. His Honor was not in error in ruling as he did. General reputation of deceased for violence may be shown, but not particular acts of violence. *State* v. *Thrailkill,* 71 S. C. 142, 50 S. E. 551. This exception is overruled.

The sixth exception complains of error upon the part of his Honor in his charge to the jury.

We find the charge as a whole was free from error, and defendant cannot complain.

All exceptions are overruled. Judgment affirmed.