## 12308

### STATE v. SMOAK

(140 S. E., 251)

1. CRIMINAL LAW—REFUSAL OF CONTINUANCE UNTIL FOLLOWING DAY TO PERMIT ACCUSED'S CHIEF COUNSEL TO BE PRESENT HELD NOT ABUSE OF DISCRETION.—Refusal of continuance until following day to permit accused's chief counsel to conduct trial, when indictment had only been found on evening before, *held* not abuse of discretion, where accused's father stated in open Court that continuance to following day would avail nothing, and that accused's chief counsel had informed him he could not attend until date beyond that on which Court had previously announced it would ·adjourn. (Per Watts, C. J.)

2. CRIMINAL LAW—CHARGE THAT ONE DEFENDANT WAS CHARGED WITH STORING WHISKY WITH OTHER HELD ERROR AS CHARGE ON FACTS. —Where indictment charged that defendants jointly possessed and stored whisky, Court's charge that one of defendants was charged with storing whisky at the home of the other, and that such other stored it in his home for him, *held* error as being a charge on the facts. (Per Watts, C. J.)

3. CRIMINAL LAW—CHARGE THAT COURT WOULD NOT ATTEMPT TO DEFINE ALL FORMS OF VERDICT WHICH COULD BE RETURNED HELD NOT MISLEADING.—In prosecution for possession and storage of whisky, charge which, after giving certain forms of verdict that might be found, stated, "In fact, there are so many forms of verdict which you could return that I shall not attempt to define them all to you. I could hardly tell you how many different forms of verdicts you could return," *held* not erroneous as tending to confuse the jury as to the form of verdict. (Per Watts, C. J.)

4. CRIMINAL LAW—CHARGE THAT ONE DEFENDANT WAS ACCUSED OF STORING WHISKY WITH OTHER HELD ERRONEOUS AS STATING TESTIMONY.—Where indictment charged that defendants jointly possessed and stored whisky, Court's charge that one of defendants was accused of storing whisky at the home of ¨the other, and that such other stored it in his home for him, *held* erroneous as being equivalent to stating the testimony. (Per Cothran, J.)

5. CRIMINAL LAW—CHARGE THAT ONE DEFENDANT WAS ACCUSED OF STORING WHISKY WITH OTHER HELD NOT OBJECTIONABLE AS INTIMATING COURT'S IMPRESSION OF EVIDENCE, OR AS STATING TESTIMONY. —Where indictment charged that defendants jointly possessed and stored whisky, Court's charge that one of defendants was accused of storing whisky at the home of the other, and that such other stored it in his home for him, *held* not objectionable as conveying to

jury Court's impression of the evidence, or as stating the testimony. (Per Blease and Carter, JJ.)

6. CRIMINAL LAW—CHARGE THAT COURT WOULD NOT ATTEMPT TO DE-FINE ALL FORMS OF VERDICTS WHICH COULD BE RETURNED HELD MISLEADING.—In prosecution for possession and storage of whisky, charge which, after giving certain forms of verdict that might be found, stated, "In fact, there are so many forms of verdict which you could return that I shall not attempt to define them all to you. I could hardly tell you how many different forms of verdicts you could return," *held* erroneous as likely to impress jury with the idea that, even if defendants were not guilty of the two offenses charged against them, they could still be found guilty on other charges, or that, as they were charged with so many crimes, they ought to be convicted of the two especially referred to, and it was clearly Judge's duty to tell jury what other verdicts might be found. (Per Blease and Carter, JJ.)

Before JOHNSON, J., Dorchester, October, 1926. New trial.

Louis Smoak and another were convicted of storing and possessing alcoholic liquors in violation of the prohibition law, and named defendant appeals and files exceptions.

The exceptions referred to in the opinion and matters appearing in the record in relation thereto are as follows:

Upon call of the cause for trial, M. S. Connor appeared for defendant-appellant, and moved the Court for a continuance of the cause as to Louis Smoak upon the ground that Mr. R. M. Jefferies, of Walterboro, was leading counsel for such defendant, and was not present to assist in his defense, but no reason for Mr. Jefferies' absence was given unto the Court. The presiding Judge indicated a willingness to delay the trial for a reasonable length of time in order to assure Mr. Jefferies' presence, if such delay would not interfere with the business of the Court.

When the Court indicated a willingness to postpone the trial until the following morning (Wednesday), the father of defendant, who was in the courtroom, informed the Court that a continuance until Wednesday morning would

avail nothing, since he had talked with Mr. Jefferies over the telephone that morning, and the latter had informed him that he could not attend upon the Court until Thursday or Friday, the Court does not recall which day, though he was impressed with the fact that the day named by defendant's father was on a date beyond the day on which the Court had previously stated the Court of General Sessions would adjourn.

## EXCEPTIONS

(1) There was an abuse of discretion and legal error in the trial Judge refusing appellant's motion for a continuance of the trial from Tuesday until the following day in order for appellant's counsel in chief to be present and conduct his trial, when a bill of indictment had only been found the evening before, and to so have granted such continuance would not have delayed the Court nor interfered with the orderly dispatch of its business.

(5) It was error for the trial Judge to charge the jury as follows: "In fact, there are so many forms of verdicts which you could return that I shall not attempt to define them all to you. I could hardly tell you how many different forms of verdicts you could return." It was the duty of the Court to instruct the jury as to all forms of verdicts which could have been returned by it, and to charge in respect thereto as the Court did was misleading and confusing, in that it conveyed the idea that the appellant could be found guilty in other respects than those permitted by law and as indicated by the Court's charge, all of which was prejudicial to appellant's interests.

*Mr. R. Lon Weeks,* for appellant, cites: *Charge on facts:* 49 S. C., 483, 488, 550; 50 S. C., 161; 53 S. C., 67; 56 S. C., 529; 68 S. C., 162; Const. 1895. *Failure to charge on the law of evidence as to the testimony of an accomplice, resulted in prejudice to appellant:* 85 S. C., 278; 15 S. C.,

438; 26 S. C., 198; 29 S. C., 113. *Charge conveying opinion of Court:* 82 S. C., 388.

*Solicitor A. J. Hydrick* for respondent.

November 4, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an appeal from the Court of General Sessions for Dorchester County. At the October, 1926, term of said Court, the appellant, a white man, and Dave Boyd, Negro, were tried jointly before J. Henry Johnson, presiding Judge, and a jury, upon an indictment charging them, under separate counts, with violations of the prohibition law, one of such counts charging "storing" by appellant and his co-defendant, the other charging them with "having alcoholic liquors in possession for unlawful purposes."

The jury having returned a·verdict of guilty as to both defendants, they were duly sentenced by the Court, and, from such sentence and judgment the defendant, Louis Smoak, alone, appeals.

There are five exceptions. Exceptions 3 and 4 were abandoned at the hearing.

1    Exception 1 is overruled, as it was within the discretion of his Honor, and he did not erroneously exercise that discretion.

2    Exception 2 is as follows: It was error for the Court to have charged: "The State, as I understand it, has a charge against Louis Smoak, in effect, that he stored whiskey at the home of David Boyd, and that David Boyd continued to store it for him," when the indictment simply charged Louis Smoak and David Boyd jointly with having whiskey in their possession and storing the same, and to so have charged was a charge upon the facts of the case, and had the effect of conveying to the jury the Court's opinion of the facts, to the effect that Louis Smoak, the appellant, took whiskey to the home of

David Boyd, and David Boyd stored, and continued to store, the whiskey for the appellant, as David Boyd had thus testified. This exception must be sustained as a charge on the facts, as his Honor must have got his information from the testimony. The indictment did not charge that the liquor was stored in the house of David Boyd, but Boyd testified to that.

Exception 5 is overruled, as his Honor did not confuse the jury as to the form of the verdict.

The second exception is sustained, and a new trial granted.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur in result.

MR. JUSTICE COTHRAN (concurring):

I concur upon the ground that the charge was equivalent to "stating the testimony." I do not think that it can be construed as conveying to the jury the Court's opinion as to the effect of the evidence.

MR. JUSTICE BLEASE (concurring):

I agree in the conclusion of the Chief Justice that there should be a reversal and new trial in this case, but I do not concur in the reasons given therefor in his opinion. I think the second exception, which is sustained by the Chief Justice, should be overruled, and that the fifth exception, which is overruled in his opinion, should be sustained.

The language of the Circuit Judge, quoted in the opinion of the Chief Justice, and held by him to be a charge on the facts, came in response to a statement made by the defendants' counsel, while the Judge was instructing the jury as to the law of the case. The appellant and Boyd were jointly indicted. The theory of the State's case was that the appellant, who owned the whiskey, carried the same to Boyd's home, and left it there for safe-keeping. At the time the

Court used the language complained of, the Judge was re-plying to a statement of defendants' counsel, and was also explaining to the jury the difference between actual and constructive possession. I do not think the words of the Judge gave any intimation as to his impression of the evidence, or that the words resulted in stating what the testimony was, as suggested by Mr. Justice Cothran.

In my opinion, there was serious error on the part of the trial Judge in using certain language, which I have italicized, when he instructed as to the several verdicts which might be returned. The charge, as to the verdicts which could be rendered, was as follows:

"It is within your province to return a verdict of guilty, which would mean guilty as to both defendants on both counts; that is, for having in possession and for storing. Second, it is within your province to return a verdict of guilty as to one of the defendants, and not guilty as to the other defendant; or guilty as to one of the defendants on both counts of the indictment, and not guilty as to the other defendant on both counts of the indictment, or not guilty as to one of the defendants on one count of the indictment and guilty as to the same defendant on the other count in the indictment, or *vice versa* as to the other defendant; *in fact, there are so many forms of verdicts which you could return that I shall not attempt to define them all to you. I could hardly tell you how many different forms of verdicts you could return.* It is also within your province to return a verdict of not guilty as to either or both of the defendants on one or both counts of the indictment, according as you view the testimony."

The italicized language is imputed to be error in the appellant's fifth exception.

An indictment for violation of the prohibition law, as used in this State, contains quite a number of blank counts, which the solicitors usually fill out to meet the requirements of the particular case. In many instances, to be sure that

they cover all the misdemeanors which may be charged against the defendant, they fill out all of these blank counts. The instrument is really a "drag net" indictment. It is the duty of a trial Judge to properly inform a jury as to all verdicts which may be returned, according to the evidence adduced in the trial. In the case at bar, the only counts in the indictment depended upon by the Solicitor against the defendants were those of receiving and having in possession, and storing; and the evidence bore only upon those two counts. When the Court told the jury that "there are so many forms of verdicts which you could return," and used the other language in connection therewith, pointed out above, he may have impressed the jury with the idea that, even if the defendants were not guilty of the two offenses charged against them, they could still be found guilty on other charges; or, as the defendants were charged with so many crimes, that they ought to be convicted of the two especially referred to by the Judge. If there were other "forms of verdicts," in addition to those mentioned by the Judge, which the jury could have rendered, then it was clearly the duty of the Circuit Judge to tell the jury what those verdicts were.

MR. JUSTICE CARTER concurs.