17244

THE STATE, Respondent, v. LESTER LYTCHFIELD, Appellant

(95 S. E. (2d) 857)

*Messrs. Joseph A. Newell,* of Moncks Corner, and *Thomas P. Stoney,* of Charleston, *for Appellant,*

*Messrs. J. C. Hare, Solicitor, and R. Markley Dennis, Asst. Solicitor,* of Charleston, *for Respondent,*

January 2, 1957.

STUKES, Chief Justice.

The appellant was convicted of reckless homicide in the death of a passenger in his automobile which resulted from the wrecking of the car on April 2, 1955, while he was driving it. The evidence established that the car went out of control, left the paved highway and thereafter traveled about 300 feet, crossed a ditch, knocked down a tree, crossed another ditch and came to rest against a second tree. The automobile, an Oldsmobile Rocket, was demolished and two of the three passengers, who were riding on the front seat, were killed. The evidence leaves no doubt that appellant had

been drinking intoxicants and was driving in a most reckless manner.

The case was called for trial at Moncks Corner on Tuesday, October 11, 1955, whereupon appellant's counsel, who had also represented him at the coroner's inquest some time before, moved for a continuance upon the ground that his associate, a Florence attorney, whom he also referred to as "probably the chief counsel in the case", had telephoned him that morning that he had a tooth extracted on the night before and was unable to engage in the trial. The Solicitor had no former knowledge of the absent attorney's connection with the case; he had been in court on the day before and made no mention of his representation of the appellant. (Other grounds of the motion for continuance will be later discussed.)

The trial judge declined to continue the trial because of the absence of the associate counsel, for the reason that the court would "break down" and the promotion of justice required that the court operate in view of the attendance of thirty-odd jurors, some of whom had come from their homes thirty or more miles distant. The court further noted that able counsel was on hand to proceed with the case.

Long after the trial the absent counsel made an affidavit, dated November 29, 1955, that he was employed by appellant about the middle of September and the resident counsel consented to his association in the case. The affiant was paid a substantial fee by appellant in installments, the last on October 10, when preparations were made for trial on the next day. On the night before affiant had a tooth extracted which caused swelling and temperature and his dentist advised him not to participate in the trial on October 11, but that he could do so on October 12. Affiant telephoned the associate resident counsel and asked that he request continuance of the case for at least one day, failing which affiant was unable to engage in the trial. Thereafter he refunded to appellant the fee except a comparatively small portion which was not more than the amount of his expenses

in preliminary investigation of the case. He did not participate in the motion for new trial (see *infra*) and did not appear in this appeal; other able counsel assisted in the presentation of the appeal. No certificate of the dentist was presented at any time.

The granting or refusal of a motion for continuance is within the discretion of the trial judge and his disposition of such a motion will not be reversed on appeal unless it is shown that there was an abuse of discretion to the prejudice of appellant. A multitude of cases to this effect will be found in 7 S. C. Dig., Criminal Law, Key No. 586 *et seq., p. 504 et seq.* and supplement. Review of them shows that reversals of refusal of continuance are about as rare as the proverbial hens' teeth.

Cases of similarity to this and of like result upon appeal are: *State v. Hunter,* 79 S. C. 84, 60 S. E. 241; *State v. Edwards,* 86 S. C. 215, 68 S. E. 524; and *State v. Smoak,* 142 S. C. 37, 140 S. E. 251. In the first cited the defendant was represented by two attorneys, as here, and the leading counsel was absent on account of a death in his family. Continuance on that ground was refused, which was upheld on appeal and the court remarked that it was unfortunate that the leading counsel could not be present, but the case was simple, involving only questions of fact, as here, and it was certainly not an unreasonable conclusion of the trial judge that the defendant would have a fair trial with his defense in the hands of able and zealous counsel who was present. In the *Edwards case,* which was a conviction of murder without recommendation to mercy, there were two attorneys for the defendant, one of whom was absent and as to whom a physician certified that he was physically unable to attend the court. Continuance was refused, which was affirmed upon appeal, the trial judge being of the opinion that the defending attorney who was present was fully capable of presenting the defendant's case. In *State v. Smoak* the leading counsel, of another town, as here, was not present to assist in the defense. Refusal of continuance was

affirmed upon appeal from conviction, which was held not to be an abuse of discretion.

Appellant relies upon *State v. Spencer,* 177 S. C. 346, 161 S. E. 217, which is distinguished by its facts from the case in hand. There the appellant was forced to trial without any counsel when the distinguished attorney whom he had employed was engaged in duties incident to the holding of court in another county over which he had been appointed to preside as special judge, of which the prosecuting solicitor had notice. It may be added that the holding of this court on that point was unnecessary to the disposition of the appeal because it was sustained and the prosecution dismissed upon the further ground that the statute, for the violation of which the appellant was convicted, was repealed by the General Assembly pending appeal of the conviction. *Hopkins v. Smathers,* 114 S. C. 488, 104 S. E. 30, was there cited. Interestingly enough, refusal of continuance was also unnecessarily condemned by the court in that case, because the conviction was set aside on the merits. Refusal of continuance was, however, authoritatively reversed in *Varn v Green,* 50 S. C. 403, 27 S. E. 862, where *both* of appellant's attorneys were ill and thereby unable to appear in the trial.

It is soundly said in appellant's brief that none of our former decisions which involved absence of counsel as a ground for continuance was upon parallel facts to those of the case *sub judice,* and all have to be decided upon their respective circumstances. We do not think that those here warrant a finding of abuse of discretion on the part of the conscientious and highly-respected presiding judge, which would be necessary for reversal.

Other grounds for continuance included the absence of a witness for appellant who had been subpoenaed. However, counsel's statement of what his testimony would have been was admitted in evidence. Circuit Court Rule 27.

Another witness was absent, counsel said, because he was in attendance upon Federal Court. Time was given for the solicitor to communicate with that

court, which he did and ascertained that the witness was a defendant there on a charge of violating the liquor laws and that the trial was continued in the Federal Court to enable him to attend trial of the case at bar, but he did not appear. Counsel's statement of what his testimony would be was not admitted.

While it appears that the above witnesses had been subpoenaed, counsel did not apply to the court for compulsory process for their attendance. There was, therefore, no showing of diligence to procure the attendance of them and certainly no abuse of discretion in the denial of the motion to continue on the ground of their absence. It is not contended that either counsel was incapacitated before the day of the trial and it was their duty to exercise diligence. Rule 27, *supra. State v. Box,* 66 S. C. 402, 44 S. E. 969. *State v. Hutto,* 66 S. C. 449, 45 S. E. 13. *State v. Hiers,* 107 S. C. 411, 93 S. E. 124. In all three of the cited cases convictions of manslaughter were affirmed.

Another ground of appeal is the refusal to charge the jury upon appellant's request, quoting, "that four people are in the front seat of an automobile indicates negligence, or is negligence *per se."* Contributory negligence was not a defense and the requested instruction would have been improper. *State v. Rachels,* 218 S. C. 1, 61 S. E. (2d) 249. Appellant's counsel also requested the following charge to the jury: "That if it is found that the actions of some party, other than defendant, was the proximate direct cause of the accident, your verdict should be not guilty." In the general charge the jury were plainly and fully instructed that the State must prove that the recklessness of appellant was a proximate cause of the death of the decedent. Again, there was no error.

In admitting counsel's statement of the purport of the testimony of the absent witness, Fullmore, the court deleted the following which refers to the lady passenger in the automobile: "that she was a wild and reckless girl and was obsessed with the idea that she wanted to

drive a car." The quoted statements were properly excluded from evidence because they were conclusions of the witness.

After the verdict counsel moved for a new trial on the ground of the absence of associate counsel and the absence of the witnesses to whom reference is made above.

The following adverse ruling is quoted from the record:

"The Court: Well, I think the motion should be overruled, as the attorney who could not be here was employed a very short time before the case was called, and able counsel who was present, I think, presented all of the evidence that could be presented; as to the absent witness, the Solicitor agreed to admit his statement, and—

"Mr. Newell: Only one witness he consented to, Your Honor.

"The Court: Yes, sir, but it was stated in open court that the case the other witness was in in Federal Court was continued on the ground that he was subpoenaed to be here. So the motion is overruled."

The motion was properly overruled for the reasons stated in the foregoing disposition of the grounds of appeal to which it related.

The exceptions are overruled and the judgment affirmed.

Taylor, Oxner, Legge and Moss, JJ., concur.