SCREENING MEMORANDUM

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ex Parte:  Nettie Archie d/b/a Archie Bail Bonding Co., Inc. and Accredited 
 Surety and Casualty Co., Inc.,
Of Whom Nettie Archie is the       
Appellant,
In Re:
The
State,        Respondent.
Madeline Ann Howie       
Defendant.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2004-UP-355
Submitted March 19, 2004  Filed June 
 4, 2004

AFFIRMED

 
 
 
Nettie M. Archie, of Chester, pro se. 
Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Charles H. Richardson, Harold M. Coombs, all of Columbia;  and Solicitor 
 Thomas E. Pope, of York, for Respondent.
 
 
 

PER CURIAM: Archie contends the trial court 
 made several mistakes with regards to the Estreatment Hearing. We affirm 
 [1] pursuant to Rule 220, SCACR and the following authorities:  Ellie, 
 Inc. v. Miccichi, ___ S.C. ___, ___ 594 S.E.2d 485, 496 (Ct. App. 2004); 
 (stating that pursuant to Rule 208(b)(1)(D), SCACR, the brief shall be divided 
 into as many parts as there are issues to be argued.  At the head of each part, 
 the particular issue to be addressed shall be set forth in distinctive type, 
 followed by discussion and citations of authority); Glasscock Inc., v. United 
 States Fid. & Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 
 2001) (finding where an issue is not argued within the body of the brief but 
 is only a short conclusory statement, the issue is abandoned on appeal); State 
 v. Burton, 356 S.C. 259, 265, 589 S.E.2d 6, 9 n.5 (2003) (finding a pro 
 se litigant has full responsibility for complying with substantive and procedural 
 requirements of the law); Goodson v. American Bankers Ins. Co. of Fla., 
 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Lack of familiarity with legal proceedings 
 is unacceptable and the court will not hold a layman to any lesser standard 
 that is applied to an attorney.); State v. Lytchfield, 230 S.C. 405, 
 ___, 95 S.E.2d 857, 859 (1957) (The granting or refusal of a motion for continuance 
 is within the discretion of the trial judge and his disposition of such a motion 
 will not be reversed on appeal unless it is shown that there was an abuse of 
 discretion to the prejudice of appellant.). 
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.

 
 [1]   Because oral argument would not aid the court 
 in resolving the issues on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.